JOB T. WILSON *vs.* PATRICK P. POWERS & another.

Bristol.    Oct. 26. — Nov. 23, 1881.    MORTON & ALLEN, JJ., absent.

In an action against a surety upon a promissory note, the defence to which is that he has been discharged from liability by a written agreement entered into by the holder with the principal to extend the time of payment, evidence of a conversation which took place at the time of the delivery of the agreement by the holder to the principal, and of a conversation between them, before the date of the agreement and before it was written, to the effect that it should become binding only upon the assent of the surety, is admissible.

CONTRACT upon a joint and several promissory note for $5000, dated February 2, 1874, payable to the plaintiff or order, " with interest at the rate of twelve per cent per annum, payable semiannually in advance," and signed by Philip S. Walsh as principal and by the defendants as sureties. The defence relied upon was that the defendants had been discharged from their liability as sureties by an instrument, dated July 5, 1877, and signed by the plaintiff, the material part of which was as follows: " And I hereby agree to continue or extend the time of final payment for three additional years, or until February in the year of our Lord 1880. The conditions as expressed in said mortgage deed to be complied with. That is also required that the said Walsh shall pay when requested all interest now due and continue to pay at the rate of seven and three tenths per cent interest semiannual after February 1877, and an addition to be applied to the principal of $4\frac{7}{10}$ per cent as aforesaid."

After the former decision, reported 130 Mass. 127, the case was tried in the Superior Court before *Allen*, J. There was evidence tending to show that the instrument was under seal when delivered. The plaintiff contended that the instrument was delivered to Walsh as a proposal merely, and that it was not to take effect as a contract until assented to by the sureties. The jury returned a verdict for the plaintiff, and found specially that the instrument was not delivered as a completed agreement; and the defendants alleged exceptions to the admission of certain evidence, bearing upon this issue, which appears in the opinion.

*J. M. Morton*, for the defendants.

*H. A. Clark*, for the plaintiff.

DEVENS, J.   At the trial, the defendants relied upon a certain instrument as discharging them from their obligation as sureties, by which Wilson, the promisee of the note, as it was contended, agreed to extend the time of payment of the note to the principal defendant without the assent of the sureties.   It was contended by the plaintiff, that the instrument signed by Wilson was delivered by him as a proposition merely, and upon the agreement that it should become binding only upon the assent of the sureties thereto.   The manual delivery of an instrument may always be proved to have been on a condition which has not been fulfilled, in order to avoid its effect.   This is not to show any modification or alteration of the written agreement, but that it never became operative, and that its obligation never commenced.   *Whitaker* v. *Salisbury*, 15 Pick 534.   *Davis* v. *Jones*, 17 C. B. 625.   *Murray* v. *Earl of Stair*, 2 B. & C. 82.   *Pym* v. *Campbell*, 6 El. & Bl. 370.   *Wallis* v. *Littell*, 11 C. B. (N. S.) 369.

Evidence was admitted of the conversation which took place at the time of the actual delivery of the instrument to Walsh by Wilson, and also of a previous conversation, before the date of the instrument and before it was written, to the effect that it should become binding only upon the assent of the sureties. The defendants contend that, even if all that took place at the time of the delivery was admissible as an explanation thereof, and as a part of the *res gestæ*, yet that the evidence of the previous conversation was erroneously admitted.   But a previous conversation might, and in this case apparently did, have a direct bearing upon the question whether the delivery was conditional. Wilson at the time of delivery stated that "this was his proposition, and it was in writing;" and the previous conversation clearly related to such an instrument as a proposal only. Whether the delivery of a paper is absolute or conditional is a question of fact.   If it were shown that two parties had agreed that an instrument should be thereafter prepared to take effect only upon compliance with a certain condition or the occurrence of a certain event, and thereafter such an instrument were prepared and delivered, even if nothing was said at the time of the

actual delivery, it would be for the jury to say whether such delivery did not take place under and in pursuance of the previous agreement. That a delivery should be conditional, it is not necessary that express words to that effect should be used at the time. That conclusion may be drawn from all the circumstances which properly form a part of the entire transaction, whether in point of time they precede or accompany the delivery. In *Murray* v. *Earl of Stair*, 2 B. & C. 82, a subscribing witness to a bond stated that it was delivered by the obligor as his deed, but that before and at the time of the execution it was agreed that it should remain in his (the subscribing witness's) hands until the death of A. B. and until certain securities were given up, and that the bond was given to him on that condition. It was held that it was then a question of fact for the jury, upon the whole evidence, whether the bond was delivered as a deed to take effect from the moment of delivery, or whether it was delivered upon the express condition that it was not to operate as a deed until the death of A. B., and until the securities were given up.

The defendants have no just ground of complaint on account of the evidence admitted.                    *Exceptions overruled.*