IDA L. TOOKER, Respondent, *v.* JOHN S. ACKERLY, Appellant.

*Supreme Court, Second Department, General Term, June* 28, 1889.

1. *Trial. Referee.*—A referee must disregard testimony, discredited by numerous contradictions and improbabilities.
2. *Defenses.*—In an action for an accounting for money entrusted by plaint-iff to defendant for investment, a release, executed by plaintiff, to be delivered to defendant on return of certain letters, but obtained by pretending to give them up, without doing so, is no defense.

Appeal from a judgment entered upon the report of a referee.

*Joseph S. Ridgway*, for appellant.

*Levi A. Fuller*, for respondent.

BARNARD, P. J.—The complaint alleges that plaintiff delivered to defendant about $3,000 with which to make investments for plaintiff's benefit, and avers that defendant invested a portion of that amount in a house in Brooklyn, taking the title in his own name.

Relief is prayed that defendant account for all the moneys so confided to him, and that he be decreed to convey the house to plaintiff, etc.

Defendant's answer admits receiving various sums of money from plaintiff, but denies that it was confided in trust for plaintiff.

Upon the issue of fact thus raised there was no direct evidence but that of the parties themselves. The principal criticism that can be made of plaintiff's testimony is that it was unreasonable for a woman of supposed good judgment to entrust considerable sums of money to a young man of twenty-three, of no business experience, to be invested at his discretion. But that criticism is answered by defendant's own evidence, which shows that plaintiff, whether wisely or not, had confidence in his business judgment, and frequently consulted him respecting investments she was contemplating, from some of which he seems to have dissuaded her. It being established that plaintiff had faith in defendant's business sagacity, there seems no reason to doubt her statement that she entrusted defendant with money to invest.

The testimony of defendant abounds in contradictions and improbabilities. He testified falsely about his age, obviously to make it appear more credible that plaintiff proposed to "adopt" him as a son. He testified that all the money he received was expended in various ways, with plaintiff's approbation. The opinion of the referee points

out that defendant placed the money in a savings bank to his credit, where it remained until the house was purchased, into which the funds were traced.

The statement of defendant that he consulted plaintiff's mother and sister about her giving him such sums of money, and that they told him to accept it without scruple, as she had nobody but him, is too incredible for discussion.

The referee had no option but to disregard the testimony of a witness so discredited.

The general release pleaded never took effect, and is no defense. By its terms, it was executed in consideration of the surrender of certain letters.

Being left in custody of plaintiff's attorney, to be delivered simultaneously with the transfer of the letters, defendant got possession by pretending to give them up, when, in fact, he did not do so. The attorney had no authority to deliver the release until defendant complied with the condition. Murray *v.* Earl of Stair (2 B. & C. 82), is in point. See, also, Wilson *v.* Powers, 131 Mass. 539; Ware *v.* Allen, 128 U. S. 590, 596; Davis *v.* Jones, 17 C. B. 634.

Judgment affirmed, with costs.

All concur.