Thorne vs. Ætna Ins. Co. of Hartford, Conn.

THORNE, Respondent, vs. ÆTNA INSURANCE COMPANY OF HART-
FORD, CONNECTICUT, Appellant.

*March 16 — April 4, 1899.*

*Chattel mortgages: Conditional delivery: Parol evidence: Fire insurance.*

1. Parol evidence is admissible to show that a written contract, not
   under seal, of which there has been manual tradition, was not to
   become binding until the happening of some event or ascertain-
   ment of some fact, but not that the contract was to be presently
   binding and to become void on the happening of some event.
2. In an action on an insurance policy which the insurer claimed had
   been rendered void by the giving of a chattel mortgage on the
   property insured, the mortgagee's attorney testified that he asked
   the insured for a mortgage until he received notice of the entry of
   a judgment against her; and the insured testified that the attorney
   "asked if I was willing to have this mortgage executed for a few
   days, until the judgment was entered, when it should be null and
   void, and I told him I was." The mortgage was at once filed, but
   the note which it secured was never returned, although it was as-
   certained after a day or two that the judgment had been entered
   before the mortgage was given. *Held,* that the evidence would not
   sustain a finding that the mortgage was not to go into effect if the
   judgment had already been entered.

APPEAL from a judgment of the circuit court for Waupaca
county: CHAS. M. WEBB, Circuit Judge. *Reversed.*

This is an action upon a fire insurance policy of $1,000
upon the plaintiff's stock of millinery, situated at Clinton-
ville, Waupaca county, Wisconsin, which was partially de-
stroyed by fire March 21, 1895. The defense was that a
chattel mortgage upon the property was executed Novem-
ber 23, 1894, during the life of the policy, and in violation
of one of the provisions of the policy, by which the policy
was avoided if the property insured was chattel-mortgaged.
In addition to this defense, it was claimed by the defendant
that the plaintiff's damage did not exceed two or three hun-
dred dollars.

On the trial it appeared that the policy was issued June 21, 1894; that in November, 1894, the plaintiff was indebted to J. E. Jenner & Co. to an amount of more than $500; and that the claim was put in the hands of Mr. Guernsey, an attorney at Clintonville, who commenced suit upon the claim November 1, 1894. No defense was put in, and on the 21st or 22d of November Guernsey made affidavit of no answer, and mailed all the papers to the clerk of the court, at Waupaca, the county seat, some fifty or sixty miles distant, for the entry of judgment by default. On the 23d of November, 1894, *Mrs. Thorne* gave a note and mortgage upon the stock in question, payable to Jenner & Co., for the amount of their claim; but it was claimed that this mortgage was given under an agreement that, if judgment had already been entered by the clerk prior to the execution of the mortgage, the mortgage should be of no effect.

A special verdict was rendered in the case as follows: "(1) Did the plaintiff on the 23d day of November, 1894, execute written instruments, purporting on their face to be a note and chattel mortgage to J. E. Jenner & Co., for the sum of $561.95; said mortgage, on its face, purporting to incumber her stock of millinery goods mentioned and described in the policy of insurance issued by the defendant to the plaintiff, upon which this action was commenced? *A.* (By the court.) Yes. (2) Were the said note and chattel mortgage executed and delivered to F. M. Guernsey, agent of J. E. Jenner & Co., upon an agreement with the plaintiff (*Mrs. Thorne*) that such note and mortgage should be void and of no effect in case judgment had been previously entered in the action of J. E. Jenner & Co. against her (*Mrs. Thorne*)? *A.* Yes. (3) Did the plaintiff deliver the said note and mortgage to the said agent, Guernsey, for the purpose of creating a lien upon her said stock of goods, without reference to the time when said judgment should be docketed? *A.* No. (4) Was the plaintiff, at the time she exe-

cuted the note and mortgage, indebted to J. E. Jenner & Co., for goods sold her, with interest and costs, in the sum of $561.95, or thereabouts? *A.* (By the court.) Yes. (5) Was the plaintiff at the time of the fire indebted to the firm of J. E. Jenner & Co. in an amount of $460, or thereabouts? *A.* (By the court.) Yes. (6) Did the defendant, the *Aetna Insurance Company of Hartford, Connecticut,* or any of its agents or officers, have knowledge that the property insured had been incumbered by said chattel mortgage, until after the fire and loss? *A.* (By the court.) No. (7) Did F. M. Guernsey, agent, know at the time the chattel mortgage was made and executed by the plaintiff, *Mrs. Thorne,* that judgment had been entered against *Mrs. Thorne* by the clerk of the Waupaca county circuit court? *A.* (By the court.) No. (8) Was any consent or agreement indorsed in writing upon, or attached to, the policy of insurance, that the property insured could be incumbered by a chattel mortgage? *A.* (By the court.) No. (9) Did the agent of defendant company, R. G. Gibson, on the 27th day of June, 1895, tender to the plaintiff the sum of $24.27, or unearned premium on said policy of insurance? *A.* (By the court.) Yes. (10) What was the amount of loss and damage on plaintiff's property, covered by said policy of insurance, by the fire of March 21, 1895? *A.* $250."

The court struck out the answer to the tenth question, $250, and inserted $1,000 in lieu thereof, and entered judgment for the plaintiff upon the verdict as so amended; and the defendant appeals.

For the appellant there was a brief by *Hume, Oellerich & Jackson,* and oral argument by *John W. Hume.*

For the respondent there was a brief by *Goodrick & Goodrick* and *F. M. Guernsey,* and oral argument by *E. J. Goodrick.*

Winslow, J. If a valid chattel mortgage had been executed by the plaintiff on her stock of goods during the life

596        SUPREME COURT OF WISCONSIN.   [102

Thorne vs. Ætna Ins. Co. of Hartford, Conn.

of the policy, then the policy was avoided, by its terms, and she could not recover. So the question presented was simply whether the mortgage, which was in form executed to Jenner & Co., and delivered to Guernsey, was in fact an effective mortgage. If it was effective, even for a few days, it would avoid the policy.

The plaintiff endeavored to avoid the forfeiture by claiming that though the mortgage was signed, delivered, and placed on file, still this was all done under an agreement that it should only be effective in case judgment upon the Jenner claim had not been entered by the clerk of the court at Waupaca, and should not be effective for any purpose in case such judgment had been already entered. The principle is quite well settled that parol evidence is admissible to show that a written contract, not under seal, of which there has been manual tradition, *was not to become a binding contract* until the performance or occurrence of some condition precedent resting in parol. *Nutting v. Minnesota F. Ins. Co.* 98 Wis. 26, and authorities there cited; *Wilson v. Powers*, 131 Mass. 539; *Pym v. Campbell*, 6 El. & Bl. 370; 2 Taylor, Ev. § 1135, Chamberlayne's notes; 2 Jones, Ev. § 478. This rule approaches closely to an infringement upon the principle that a written contract cannot be varied or contradicted by parol, and hence it is justly observed that such a defense is subject to suspicion, and that the rule should be cautiously applied and the facts clearly proven. *Reynolds v. Robinson*, 110 N. Y. 654. Furthermore, it is to be observed that the rule is that it may be shown that the contract is *not to become binding until the happening of some event or ascertainment of some fact*, but not that the contract is to be presently binding and to become void on the happening of some event. If a contract is executed and delivered with intent to take effect, it is not to be thereafter avoided by virtue of a condition annexed to the delivery by parol. Here is the difficulty in this case: the second finding of the special verdict is that the note and mortgage were executed under an agree-

ment that they should be void in case judgment had been previously entered in the Jenner action. This finding is ambiguous. It may mean that they were delivered with intent to have present effect, and to be thereafter avoided in a certain contingency. If such is its meaning, then the mortgage was a valid mortgage, and the policy of insurance was avoided thereby. Much of the testimony also supports this interpretation of the finding: Mr. Guernsey says that he asked *Mrs. Thorne* for a chattel mortgage *until he received notice from the clerk* of the entry of the judgment; and *Mrs. Thorne* says, " Mr. Guernsey asked if I was willing to have this mortgage *executed for a few days, until the judgment was entered,* when it should be null and void, and I told him I was." The facts, also, that the mortgage was at once filed, and the note never returned, though it was ascertained after a day or two that the judgment had been entered before the giving of the mortgage, tend persuasively to support this meaning of the finding. In fact, examination of the evidence convinces us that the clear and strong preponderance of the evidence supports this view, if in fact any agreement so improbable was ever made, and that if this finding is to be construed as meaning that it was agreed that the mortgage was not to go into effect at all unless the judgment had not been entered at the time, the finding must be set aside, as against the clear preponderance of the evidence. These remarks apply as well to the third finding of the jury, and these views necessitate reversal of the judgment.

We do not think, either, that the proof as to the value of the goods destroyed and damaged was so clear and conclusive that the court was justified in setting aside the finding of the jury and awarding the plaintiff the full amount of the policy. The proof of value was far from satisfactory.

*By the Court.*— Judgment reversed, and action remanded for a new trial.