THE STATE EX REL. JONES, Appellant, vs. CHAMBER OF COMMERCE OF THE CITY OF MILWAUKEE and others, Respondents.

*February 29—March 22, 1904.*

*Contracts: Delivery upon condition precedent: Parol evidence: Sale of membership in chamber of commerce.*

Parol evidence is admissible to show that a writing signed and delivered was not to become binding as a contract until the happening of some event or the ascertainment of some fact. Thus, it may be shown by parol that the transfer, by indorsement and delivery, of a certificate of membership in a chamber of commerce was not to take effect in case an agent of the vendor had already disposed of the membership.

APPEAL from a judgment of the circuit court for Milwaukee county: WARREN D. TARRANT, Circuit Judge. *Affirmed.*

*Mandamus* action to compel the defendant *Chamber of Commerce* to cause a notice of the transfer of a certificate of membership in the corporation from William F. Host to the relator, to be posted on the bulletin board in the exchange rooms of such chamber, and to transfer such membership to him upon the books of the corporation and issue to him a proper certificate evidencing his status in respect to the corporation, and to recognize him as a member thereof in good standing.   Issue was joined by a return to the alternative writ of *mandamus* and a traverse thereof, which was tried by the court, these facts being elucidated from the evidence:

March 14, 1901, George H. Salentine owned a certificate of membership in the defendant corporation, which, on that day, he sold to B. H. Dally.   Such proceedings were thereafter taken that such membership was duly transferred to Dally on the books of the corporation.   Prior to February 1, 1901, William F. Host owned a certificate of membership in such corporation, which membership on that day he verbally authorized William J. Langson to sell.   March 21, 1901, Langson executed his said power by selling such membership to John Geddes.   Thereafter such proceedings were duly taken that the membership represented by such certificate was duly transferred upon the books of the corporation to said Geddes.   March 21, 1901, before the sale aforesaid, George H. Salentine applied to Host to purchase his said membership certificate and was informed of Langson's authority and that he could have the certificate for $75 if Langson had not disposed of the membership.   That was agreed to.   Host thereupon indorsed the certificate in blank and delivered it to Salentine, stipulating that if it should turn out that Langson's authority had theretofore been executed, the paper should be returned.   Salentine gave Host a note for $75, which was to be in payment for the certificate.

Host learned later of the sale by Langson to Geddes, and thereupon demanded back the certificate, at the same time tendering the $75 note. Salentine refused to accept the latter or give back the former. August 15, 1901, the relator was duly elected to be a member of the defendant corporation, subject to compliance by him with the subsequent conditions requisite thereto. September 5, 1901, he presented to the secretary of the corporation the Host certificate endorsed as aforesaid, and demanded that a notice of the transfer from Host to the relator should be posted as required by the laws of the corporation, at the same time tendering the certificate of membership and member's admission ticket for cancellation, and offering to pay the regular fee of $25. The demand and offer were refused.

On those facts the trial court found that no title to the Host certificate passed from him to Salentine or from Salentine to the relator, and that the defendants were entitled to have the petition for the writ of *mandamus* and the writ dismissed with costs. Judgment was so rendered.

*Adolph Huebschmann,* for the appellant.

For the respondents there was a brief by *Miller, Noyes & Miller,* and oral argument by *George H. Noyes.*

MARSHALL, J.    It is considered that the findings of the trial court, properly understood, are supported by the evidence. True, it does not appear that Langson had, prior to the transaction between Host and Salentine, actually sold the certificate, but he had parted with the membership which it represented to the extent of fully executing the power delegated to him. He had contracted it to Geddes as he was authorized to do, so that the latter was in a position to call upon Host with effect to perform by turning over the paper. That is, he had, as counsel for respondents suggest, done just what was understood between Host and Salentine would, if it occurred, render the delivery of the certificate to the latter

ineffectual. The minds of Salentine and Host met on the proposition that if it should turn out that Langson, prior to the delivery of the certificate to Salentine, had executed his authority, then Salentine was to be deemed to be a mere holder of the paper for Host. It was a plain case on the findings and the evidence of the manual tradition of a paper having the form of a contract, but which was not intended to have that effect till the happening of some condition precedent resting in parol.

The rule applicable to the facts as above stated is well established (*Nutting v. Minnesota F. Ins. Co.* 98 Wis. 26, 73 N. W. 432), as is also the rule that it is not to be applied except in cases falling clearly within its principles (*Thorne v. Ætna Ins. Co.* 102 Wis. 593, 596, 78 N. W. 920). The idea is this: A paper having the form of a contract may be delivered to take effect upon condition precedent. In that case there is no contract in fact till the contingency happens stipulated by the parties. As there is no contract in advance of such event, proof of the parol agreement in that regard is not an attempt to vary a written contract. That doctrine cannot be extended to include the delivery of a contract to take effect thereby, but to be terminated upon the happening of a condition subsequent. In such circumstances contractual relations commence by the delivery of the paper, so proof of a contemporaneous parol agreement that it shall cease upon the happening of some stipulated event would be plainly an attempt to vary a written contract by parol. An instructive discussion of this is found in *Ware v. Allen,* 128 U. S. 590, 9 Sup. Ct. 174, where as in this case there was an exchange of papers, one party delivering to the other a contract, in form, and receiving back certain promissory notes in consideration thereof, it being agreed at the time that whether the transaction should constitute a contract or not should depend upon the legal opinion of one or the other of two attorneys mentioned as to its validity. The opinion was

adverse, and it was held that the paper never took effect, hence that parol evidence in regard to the circumstances of its delivery was not an attempt to vary a written contract, the court saying, in effect, quoting with approval from *Pym v. Campbell,* 6 El. & Bl. 370, 373: Evidence to show that a written agreement was conditional is to be distinguished from evidence to show that there never was any written agreement. A paper being signed and delivered, coupled with an understanding that it shall not be an agreement till the happening of some particular event, the party receiving it cannot fix the same upon the other as an agreement till the happening of such event. The distinction in point of law is that evidence to vary the terms of an agreement in writing is not admissible; but evidence to show that there is no agreement at all is admissible.

This court, in *Thorne v. Ætna Ins. Co., supra,* suggested pointedly the importance of not mistaking a writing delivered as a contract, to be extinguished upon the happening of a condition subsequent, which is without the rule here applied, for a writing delivered to take effect upon condition precedent, which is within the rule, in the following language:

"The rule should be cautiously applied and the facts clearly proven. . . . It is to be observed that the rule is that it may be shown that the contract is not to become binding until the happening of some event or ascertainment of some fact, but not that the contract is to be presently binding and to become void on the happening of some event. If a contract is executed and delivered with intent to take effect, it is not to be thereafter avoided by virtue of a condition annexed to the paper by parol."

Here the court, upon sufficient evidence, found that a paper delivered to Salentine was to take effect upon condition precedent, and if it should appear that it could not take effect, then it should be returned. It follows that Salentine never became the owner of the Host certificate. He there-

fore was never in a position to convey any title thereto to the relator, nor the latter to obtain any standing as regards the respondent by the possession thereof and tender of the same to its secretary, or any other proceedings taken by him in respect thereto.

The foregoing renders unnecessary the discussion of any other question presented for consideration in the briefs of counsel for appellant. The title to the certificate falling, the whole groundwork of his cause of action disappears.

*By the Court.*—The judgment is affirmed.