·GOLDEN and another, Appellants, vs. MEIER and others, Respondents.

*March 22—June 21, 1906.*

*Written contract: Parol evidence of condition precedent to its taking effect.*

Parol evidence is admissible to show that a written contract not under seal, though manually delivered, was not to become a binding or valid contract until the performance of some condition precedent, even though the written instrument itself enumerates other conditions precedent to its becoming operative and taking effect, where such written conditions are not repugnant to the one sought to be shown by parol.

APPEAL from a judgment of the circuit court for Pierce ·county: E. W. HELMS, Circuit Judge. *Affirmed.*

This action was brought to recover damages for breach of the following alleged contract:

"*Know all men by these presents:* That we, the under-.signed, whose names are hereto subscribed, all of the county of Pierce and state of Wisconsin, do hereby associate ourselves together as a co-operative association under the name of the Prescott Creamery Association, for the purpose of manufacturing our butter at actual cost. It is agreed that the place of business or creamery plant proposed to be erected .shall be located at or near Prescott, Wisconsin. It is further agreed in consideration of the mutual benefits herein agreed by and between the members of said association and whose names are hereto subscribed as parties of the first part, and *Golden* and *Tobias* as parties of the second part, as follows, to wit:

"It is hereby agreed by and between the parties of the first part and the parties of the second part that the parties of the first part shall consist of not less than thirty-three members, whose names shall be subscribed hereto, before this agreement shall become operative and take effect upon either party. The parties of the first part agree to furnish free of charge sufficient land for a suitable location, and reasonably level, on which the creamery building shall be erected, and said

first party shall also furnish free of charge on the creamery grounds aforesaid a sufficient well of good, pure water. Said ground shall be furnished said second parties on or before the 1st day of April, 1904, so as not to delay the erection of said creamery.

"And it is agreed that the parties of the second part shall build, equip, and complete for said parties of the first part on or before the 1st day of June, 1904, a creamery plant on said location aforesaid, as per plans and specifications and list of machinery and appliances hereto attached, for the consideration of thirty-three hundred dollars, which said sum of thirty-three hundred dollars the parties of the first part hereby covenant and agree to pay said parties of the second part, their heirs or assigns, with interest from June 1, 1904, at six per cent. per annum as follows, to wit: $1,100 January 1, 1905, $1,100 January 1, 1906, $1,100 January 1, 1907.

"It is further agreed that the parties of the first part shall appoint a president and secretary to act as said association's representatives in looking after the erection of said creamery plant and whose duty it shall be to accept said creamery plant for said parties of the first part, upon notice in writing to them by said second parties of the completion of said plant, and should said representatives aforesaid fail to notify said parties of the second part in writing of the acceptance by them of said creamery plant as herein mentioned within six days after the second party gives them notice of the completion of said plant, the same shall stand accepted without any further act."

The complaint sets up the contract and alleges that defendants were copartners and failed to perform on their part, and refused to permit plaintiffs to perform, in consequence of which they sustained $1,225 damages. The answer specifically denies that defendants were partners, and alleges that at the time each defendant affixed his signature to the written agreement it was specially agreed that said agreement was not to become binding or effective for any purpose until the plaintiffs had obtained from the signers of such agreement a pledge in writing to furnish for the use of the creamery when erected the milk from 250 to 350 cows, and that the plaintiffs

wholly failed to obtain such pledge, and that the defendants signed the instrument relying upon the agreement that such contract would not become effective or of any binding force until the plaintiffs had obtained such pledge, and that it was well understood between plaintiffs and defendants that such creamery could not be run so as to pay expenses with less than the number of cows specified. The answer contained other defenses not necessary to state.

The case was tried by the court and a jury, and a special verdict returned to the effect that at the time the contract was signed and delivered to the plaintiffs by twenty-five of the defendants there was an agreement between them and the plaintiffs that such contract should not become binding upon such defendants until agreements were obtained from various individuals to furnish in the aggregate the product of at least between 250 and 350 cows to the proposed creamery. Motions were made by plaintiffs to set aside the answers to the questions and for judgment notwithstanding the verdict, and the defendants moved for judgment on the verdict. Plaintiffs' motions were denied and defendants' granted, and judgment entered in favor of the defendants and against the plaintiffs, dismissing the complaint, from which this appeal was taken.

*Thomas M. Casey,* for the appellants.

*F. M. White,* for the respondents.

The following opinion was filed April 17, 1906:

KERWIN, J. The only question necessary to consider on this appeal is whether evidence was properly admitted to show that it was agreed at the time respondents, or some of them, affixed their signatures to the written agreement that it should not become binding or effective for any purpose until the appellants had obtained from the signers of such agreement a pledge in writing to furnish for the use of the creamery men-

tioned in the agreement, when erected, the milk from 250 to 350 cows. It is claimed on the part of the appellants that the evidence offered that the agreement signed was not to go into effect until such pledge was obtained was not admissible since the contract in question is complete and contained the provision "that the parties of the first part shall consist of not less than thirty-three members, whose names shall be subscribed hereto, before this agreement shall become operative and take effect upon either party." It is contended that the provision in the written agreement to the effect that it shall not be valid until signed by thirty-three members precludes testimony of any condition precedent to the taking effect of the agreement. Counsel relies wholly upon *United E. & C. Co. v. Broadnax,* 136 Fed. 351, which case he says is the only one he has been able to find passing upon the exact question here. It is true the *Broadnax Case* appears to support the contention of appellants to the effect that, where the written instrument enumerates conditions precedent to its validity, it will be presumed that the written enumerations are exhaustive and that parol evidence to add to them should be excluded. This case, however, appears to be out of harmony with the case of *Ware v. Allen,* 128 U. S. 590, 9 Sup. Ct. 174. Counsel for appellants attempts to distinguish *Ware v. Allen* from the *Broadnax Case.* In *Ware v. Allen* the agreement provided in terms that it should be void if the promisor should be defeated in a certain suit, but in other respects was a valid, binding obligation. Yet it was held that evidence was admissible to show that before the paper was signed it was understood that the agreement was to be of no effect unless, upon consultation with certain parties, the promisor was assured that certain proceedings involved in the transaction were lawful. So it will be seen that this case on principle is in substantial conflict with the *Broadnax Case* and holds that, notwithstanding there were conditions in the contract to the effect

that it should be valid only upon certain contingencies, still other conditions precedent to its validity might be shown.    At page 595 of 128 U. S. (9 Sup. Ct. 176) the court said:

"We are of opinion that this evidence shows that the contract upon which this suit is brought never went into effect; that the condition upon which it was to become operative never occurred, and that it is not a question of contradicting or varying a written instrument by parol testimony, but that it is one of that class of cases, well recognized in the law, by which an instrument, whether delivered to a third person as an escrow or to the obligee in it, is made to depend, as to its going into operation, upon events to occur or be ascertained thereafter."

But it is not necessary to consider here the admissibility of evidence to prove a condition precedent wholly repugnant to the expressed terms of the agreement in question, since the evidence offered is not in conflict with such agreement, but is independent of or collateral to it.    If the condition precedent be performed according to the terms of the condition sought to be proved by parol, the writing will have full force and effect according to its terms.    If the condition precedent be not performed, then the contract will never have vitality or become a binding agreement.    If the pledge in writing be furnished by the plaintiffs, then the agreement in writing, according to its expressed terms, when signed by the thirty-three members, will have full force and effect.

The question in this class of cases is not, however, whether the condition sought to be proved is in conflict with or varies the writing, but whether the written paper purporting to be a contract shall ever take effect as such.    Proof of the nonperformance of the condition precedent has the effect of establishing the fact that the writing purporting to be a contract never in fact took effect as such.    It is well settled both in England and this country that parol evidence is admissible to show that a written contract not under seal, although manually delivered, was not to become a binding or valid contract until the

performance of some condition precedent. The purpose of such evidence is to show that the written instrument was not, except in the contingency named, to become a contract, and that the contingency never happened; and it therefore does not contradict the writing. *Nutting v. Minn. F. Ins. Co.* 98 Wis. 26, 73 N. W. 432; *State ex rel. Jones v. Chamber of Commerce,* 121 Wis. 110, 98 N. W. 930; *Ware v. Allen,* 128 U. S. 590, 9 Sup. Ct. 174; *Thorne v. Ætna Ins. Co.* 102 Wis. 593, 78 N. W. 920; *Skaaraas v. Finnegan,* 31 Minn. 48, 16 N. W. 456; *Blewitt v. Boorum,* 142 N. Y. 357, 37 N. E. 119; *Burke v. Dulaney,* 153 U. S. 228, 14 Sup. Ct. 816; *Wilson v. Powers,* 131 Mass. 539; *McFarland v. Sikes,* 54 Conn. 250, 7 Atl. 408; *Benton v. Martin,* 52 N. Y. 570; *Reynolds v. Robinson,* 110 N. Y. 654, 18 N. E. 127; *Hartford F. Ins. Co. v. Wilson,* 187 U. S. 467, 23 Sup. Ct. 189; 2 Jones, Ev. § 478; 2 Taylor, Ev. (8th ed.) § 1135; *Pym v. Campbell,* 6 El. & Bl. 370. It seems to be firmly established by the foregoing cases and many others which might be cited that "the manual delivery of an instrument may always be proved to have been on a condition which has not been fulfilled, in order to avoid its effect. This is not to show any modification or alteration of the written agreement, but that it never became operative, and that its obligation never commenced." *Wilson v. Powers,* 131 Mass. 539, 540. We think this well-settled doctrine rules the case at bar.

Counsel for appellant refers to the language of this court in *Thorne v. Ætna Ins. Co., supra,* to the effect that this rule approaches closely to an infringement upon the principle that a written contract cannot be varied or contradicted by parol, and, therefore, such defense is subject to suspicion. But, conceding that the rule should be cautiously applied and the facts clearly proved, the case at bar is strictly within the rule. The written pledge amounting to a condition precedent to the validity of the contract was fully proved and found by the jury. The pledge was presented and signed by several at the

time the agreement in question was being signed. But the plaintiffs failed to secure a pledge in writing for the product of the number of cows agreed to be furnished, and hence failed to show a performance of the condition precedent necessary to give validity to the contract. It follows that the evidence offered to prove the condition precedent to the validity of the contract was properly admitted, and that the judgment, therefore, must be affirmed.

*By the Court.*—Judgment affirmed.

CASSODAY, C. J., took no part.

A motion for a rehearing was denied June 21, 1906.