CARPENTER, Appellant, vs. CARPENTER, imp., Respondent..

*January 13—February 1, 1910.*

*Chattel mortgages: Delivery: Escrow: Conditions.*

1. Mere manual tradition of an instrument to one as a custodian thereof for both the maker and obligee, under a mutual agreement not to give present validity to the paper, is not a delivery.

2. A note and chattel mortgage from a son to his mother were deposited in a bank in escrow, together with a writing expressing the condition that they should not take effect or be enforceable unless the mother should survive the son. Afterwards the son was divorced, his wife being awarded the mortgaged property subject to the mortgage, but without any purpose of altering the agreement under which the securities were deposited. At the request of both the son and the mother, but without consent of the former wife, the papers were delivered by the bank to the son and by him placed on file. *Held,* that the mortgage did not thereby become effective as against the former wife.

APPEAL from a judgment of the circuit court for Waupaca county: A. H. REID, Judge. *Affirmed.*

Action to foreclose a chattel mortgage.

The issues raised by the pleadings are fairly shown by the following summary of the decision of the case as to facts:

October 8, 1902, defendants, who were then husband and wife, gave plaintiff,—an elderly lady and mother of defendant Willard E. Carpenter and two daughters, Willard being the youngest child and some thirty-seven years of age,—a mortgage on a newspaper plant, purporting to secure payment of Willard's promissory note for $3,000 to his mother according to the terms of such note. The mortgage was duly filed and kept alive. No part of the mortgage indebtedness has been paid. The security on its face had fully matured when this action was commenced. Prior to execution of the note, plaintiff had, as she supposed, given her daughters their just shares of her estate, and considered her son to be entitled to all that might be left at her decease. She was then, and has

Carpenter v. Carpenter, 141 Wis. 544.

continued to be, a frail woman, needing the care of some younger person or persons. She had for some time prior to the making of the mortgage, resided with the defendant, and so continued until the summer of 1904. Prior to giving the mortgage plaintiff had made gifts out of her property to her son, aggregating $3,000 or more. The mortgage and note described therein were executed and deposited in escrow with the cashier of a national bank at Waupaca, Wisconsin, upon condition, expressed in a writing executed and likewise deposited, that if Willard Carpenter should predecease plaintiff, and not otherwise, the papers should take effect and be enforceable for her benefit, and that they should not be taken out of escrow till the death of either plaintiff or Willard, and in case of the death of the former occurring first they should be delivered to the mortgagor. The relations of debtor and creditor were not regarded as existing between the plaintiff and her son as a foundation for the note and mortgage. At the time of the execution of the papers she was living with defendant and, for aught that appeared, expected to do so for life. The securities were executed for her protection in case she should survive Willard and for no other purpose. July 29, 1904, defendants were divorced, the mortgaged property being awarded to the wife subject to the mortgage. The note and mortgage, then in escrow, were examined by her attorney and in the division she was awarded the mortgaged property without any purpose of interfering with the agreement pursuant to which the securities were executed. Thereafter Willard obtained from his mother a written request for the custodian of the papers to deliver them to him by means of which he obtained them and placed the mortgage on file, since which time they have been under control of Willard and others for plaintiff and himself. Defendant *Aneta R. Carpenter* never consented to withdrawal of the papers from escrow or to any change of her interest in the contingently mortgaged property.

On such facts the court decided that the mortgage could only take effect upon the death of Willard E. Carpenter in the lifetime of plaintiff; that the agreement in that regard, made when the papers were placed in escrow, was in no way changed by the division of property in the divorce proceedings, and that defendant *Aneta R. Carpenter* was entitled to judgment dismissing the action with costs against plaintiff. Judgment was so rendered.

*F. F. Wheeler,* for the appellant.

For the respondent, *Aneta R. Carpenter,* there was a brief by *John C. Hart,* attorney, and *B. R. Goggins,* of counsel, and oral argument by *Mr. Hart.*

MARSHALL, J. It is considered that the findings of fact are protected by the principle that they cannot be disturbed unless they are against the clear preponderance of the evidence.

The foregoing conclusion leaves as verities, that the note and mortgage were executed and placed in escrow to take effect according to their terms only upon the happening of an event which had not transpired when this action was commenced to enforce them; that *Aneta R. Carpenter* became the owner of the property described therein subject to that situation and that the papers were in form taken out of escrow without her consent by appellant and her son.

The verities suggested are ruled by the familiar principle of law that, in the absence of some efficient element of estoppel, and none exists or is claimed to exist here, if an instrument is delivered by the maker to the obligee, or to another for him, or as custodian for both, accompanied by an agreement, verbal or in writing, that it shall not take effect till some specified event shall have occurred, it will have no validity till the condition shall have been satisfied; but remain in the meantime the same to all intents and purposes as if it had never left the possession of the maker. Mere manual

tradition of such a paper is one thing, delivery thereof as an element of a contractual obligation is another.   The former without mutual intent to give validity to the paper, but a mutual intent to the contrary, does not constitute the latter. *Nutting v. Minnesota F. Ins. Co.* 98 Wis. 26, 73 N. W. 432; *Thorne v. Ætna Ins. Co.* 102 Wis. 593, 78 N. W. 920; *State ex rel. Jones v. Chamber of Comm.* 121 Wis. 110, 98 N. W. 930; *Golden v. Meier,* 129 Wis. 14, 107 N. W. 27; *Hodge v. Smith,* 130 Wis. 326, 110 N. W. 192; *Marling v. FitzGerald,* 138 Wis. 93, 120 N. W. 388; *Swanke v. Herdeman,* 138 Wis. 654, 120 N. W. 414.

   *By the Court.*—Judgment affirmed.