Munz, Plaintiff and Respondent, vs. Leuchtenberger and others, Defendants and Respondents: Appeal of Munz, Defendant and Appellant.

*February 6—March 6, 1923.*

*Landlord and tenant: Lease and option conditioned on all interested persons joining: Parol testimony: Failure of one to sign: Recording of instrument: Effect: Entry into possession: Presumption: Estoppel to deny validity of instrument.*

1. Findings of fact by the trial court which are amply supported by the evidence will not be disturbed on appeal.
2. A lease and option to purchase lands devised to a widow for life with remainder to the heirs, which was made to one of the heirs, and signed by the widow and all the heirs except one, under an oral agreement that it should not become binding until executed by all the heirs and residuary devisees, at no time became perfected as a binding instrument, and any delivery was unauthorized; and its recording did not bind the parties.
3. Oral testimony directed to a condition precedent, the happening of which became necessary before a lease of lands with option to purchase became a valid, effective, and binding document, is admissible.
4. The possession of the devisee to whom the lease and option ran was presumed to be under an agreement with the widow as life tenant, who had power to rent the premises during her lifetime; and neither the fact that the remaining residuary legatees permitted such possession during the lifetime of the life tenant, or that the devisee was permitted to hold over for a short time after the death of the life tenant to conclude the season's farming operations, would estop the other devisees from denying the validity of the agreement.

Appeal from a judgment of the county court of Waukesha county: David W. Agnew, Judge. *Affirmed.*

This is an appeal by the defendant *Oscar Munz* from an interlocutory judgment in a partition action.

In 1913 one George Munz, being the owner of the real estate described in the complaint, consisting of eighty acres of farm lands and appurtenances, died testate, leaving him surviving his widow, Albertena Munz, and eleven children,

among whom are the plaintiff and the defendant *Oscar;* and under and pursuant to the terms of the will the widow took a life estate in said real estate, and after her death, upon payment of certain legacies, the residue was devised to the eleven children of the testator in equal parts. Edward A. Munz, under the will and upon the probate thereof, was appointed the executor, and in due course of legal proceedings in the county court a final decree was entered in the year 1915 assigning the real estate in accordance with the will, while a certain amount of cash on hand was retained by said Edward and held by him in trust substantially in the same manner as though he continued in his official capacity as executor.

In the fall of the year 1917 the widow and children met and considered the advisability of leasing the farm to the defendant *Oscar* upon such terms and conditions as would afford the widow a proper home and an income so as to provide for her future welfare. All of the children except the plaintiff, *Herman,* apparently co-operated to bring about this result, and *Oscar* thereupon had drafted a certain lease of the farm for a period of six years containing the terms and conditions above referred to, which lease was submitted to all of the children and signed by all excepting the plaintiff, and was also signed by Edward as executor.

The lease also, among other provisions, provided as follows:

"First parties [in which the widow and all of the children and the executor were named], for and in consideration of the sum of one dollar ($1) to them in hand paid, . . . do hereby grant to second party [meaning the defendant *Oscar*] an option for the purchase of said premises at any time during the period hereof or at the end thereof at the fixed price of one hundred forty dollars ($140) per acre, terms and conditions as to the manner and method of payment to be at said time agreed upon."

From the record it appears that all of the children except-

ing George, *Oscar,* and Edward testified that it was expressly understood that the lease and option were not to become effective unless all of the children and the widow joined in its execution.

The following, among other findings, was made by the trial court in its finding of fact:

"That at the time the said written instrument dated November 27, 1917, was signed by those of the defendants who signed the same, it was distinctly and expressly understood, covenanted, and agreed by and between each, all, and every of them that the said written instrument should not take effect as a contract between them, or any of them, and should not be delivered as a contract, and should not be in any way binding, operative, or effective upon any of those who signed it, unless and until, and only in the event that said written instrument should be signed by all of the children and residuary devisees of the said George Munz, deceased."

It further appears that on the 29th day of December, 1917, the defendant Edward A. Munz, without direction or authority of the children excepting the defendant *Oscar,* and contrary to the understanding and agreement between the parties, caused said instrument to be recorded in the office of the register of deeds of Waukesha county; that on or about the 1st day of April, 1918, the defendant *Oscar Munz* entered into the possession of said real estate and continued in such possession until the winter of 1921; that the widow died on April 25, 1920, and that from the date of the death of such widow until the time of the commencement of this action *Oscar* retained possession of and conducted the farm.

Appropriate findings of fact were thereupon made and filed by the trial judge, covering substantially all of the facts above referred to, and in addition thereto there were other findings of fact with respect to which it is not necessary to make special reference, they being not involved in the subject of this appeal.

The usual preliminary judgment of partition was there-

upon entered by the court, declaring the respective rights and interests of the parties in said real estate and ignoring any alleged rights of the defendant *Oscar* as claimed under said agreement; and from such judgment, in so far as the same declared the agreement void or ineffective, the defendant *Oscar* appealed to this court.

*J. Elmer Lehr* of Milwaukee, for the appellant *Oscar Munz*.

A brief was filed by *Lockney, Lowry & Baird* of Waukesha, attorneys for the defendant respondents, and *Jas. E. Thomas* of Waukesha, attorney for the plaintiff respondent, and oral argument by *J. K. Lowry* and *Austin J. Baird*.

DOERFLER, J.   There is ample evidence to support the findings of fact of the trial court, and under the repeated rulings of this court such findings cannot now be disturbed. Under such findings the lease and option could not in any event become effective unless and until all of the children joined in the execution. Whether the parties to the lease had as their sole object in executing this agreement the making of a satisfactory provision for the benefit of the widow, or whether they had in view the creation of a situation by which they contemplated a sale of the property at the price fixed in the option, is immaterial. Every one interested in the property had the undoubted right, before subjecting his interest to this agreement, to dictate and insist upon such terms and conditions as to him or her seemed meet and proper. No claim is made by the defendant or by any of the parties that the plaintiff either agreed to or that he actually did sign the agreement. Under the circumstances, therefore, the agreement itself never became perfected as a binding document, and the same was at no time ripe for delivery, and any delivery of the instrument was unauthorized, and the recording of the same did not bind the parties.

But it is strenuously contended by counsel for the defendant *Oscar Munz* that parol evidence was improperly ad-

mitted and that it modified the terms of a written document. The parol-evidence rule is so well established as to make the citation of authorities unnecessary. The object and purpose of the agreement was plainly expressed, and the same was in no respect ambiguous, and if the oral testimony introduced had for its purpose the modification of the express terms of the written document, then it was clearly inadmissible. This testimony, however, was not aimed at the contents of the agreement, but was directed to a condition precedent, the happening of which became necessary before the instrument became a valid, effective, and binding document. In the body of the instrument all of the parties, including the plaintiff, are specifically named as parties of the first part. This in itself is strongly indicative that it was contemplated that all should join in its execution. It is not unlike an agreement entered into on a stock subscription, where the right is expressly reserved by the subscriber that the subscription shall not become effective until a certain specific amount of the stock shall be subscribed. That was expressly held in *Gilman v. Gross,* 97 Wis. 224, 72 N. W. 885. See, also, *Nutting v. Minnesota F. Ins. Co.* 98 Wis. 26, 73 N. W. 432; *New Home S. M. Co. v. Simon,* 104 Wis. 120, 80 N. W. 71; *Paulson v. Boyd,* 137 Wis. 241, 118 N. W. 841; *State ex rel. Jones v. Chamber of Commerce,* 121 Wis. 110, 98 N. W. 930; *Curry v. Colburn,* 99 Wis. 319, 74 N. W. 778; *Wilson v. Powers,* 131 Mass. 539.

In *Prutsman v. Baker,* 30 Wis. 644, Mr. Chief Justice Dixon said:

"A conditional delivery is and can only be made by placing the deed in the hands of a third person to be kept by him until the performance of some condition or conditions by the grantee or some one else, or until the happening of some event when . . . it is to be delivered over by the depositary to the grantee." See, also, *Chaudoir v. Witt,* 170 Wis. 556, 170 N. W. 932, 174 N. W. 925.

Such is the law firmly established by this court, but it

will be noted that in the instant case there never was a delivery to a third person in escrow or to the grantee.

But it is claimed by counsel for *Oscar Munz* that, inasmuch as *Oscar* went into possession of the premises and partly performed the conditions of the agreement, the objecting defendants are bound thereby and estopped from denying the validity of this agreement as to them. It must be remembered, however, that the widow had a life estate in this real estate, and therefore had full authority to lease the property during her lifetime upon such terms and conditions as she might deem proper and to whomsoever she might determine. If, therefore, the condition necessary to make this document effective never transpired, and the defendant *Oscar* entered into possession of the premises, the presumption would necessarily be that he entered under an agreement with his mother, the life tenant, which she was authorized to make. Neither is the fact that the objecting children permitted *Oscar* to remain upon the premises for the short period of time intervening between the death of the mother and the commencement of the action of great significance, because the mother's death occurred at a time when *Oscar* had made his plans and had performed considerable work preparatory to the operation of the farm during the farming period which had then arrived.

It is therefore held that *Oscar's* right as a tenant ceased at the time of the death of his mother, and that his subsequent occupancy was merely permissive, and that the conduct of the parties herein interested, after the mother's death, did not operate so as to estop them from claiming their rights as devisees under the will of their deceased father. In so holding it becomes unnecessary to consider the validity of the option agreement itself, which was strenuously attacked by the plaintiff for indefiniteness and uncertainty.

*By the Court.*—The judgment of the trial court is affirmed.