BULTMAN, Appellant, vs. FRANKART, Respondent.

*September 16—December 6, 1927.*

*Contracts: To become operative on happening of specified event: Parol evidence: As to nature of condition.*

1. Parol evidence is admissible to show that a written contract not under seal was not to become effective until some future day or on the happening of a contingency, provided the written conditions are not repugnant to the conditions sought to be established by parol.   p. 297.
2. The fact that a written contract signed by plaintiff admitting the receipt of a down payment of a named amount for the purchase of a piano was to be "no good" until the purchaser actually made the down payment could be shown by parol evidence.   p. 298.
3. In such case the purchaser was not liable thereon where the contingency on which the contract was to go into effect never happened.   p. 298.

APPEAL from a judgment of the municipal court of Brown county: N. J. MONAHAN, Judge.   *Affirmed.*

The plaintiff is a piano dealer, and on or about July 20, 1926, entered into a written contract with the defendant for the purchase of a piano at the agreed price of $575.   The contract admitted the receipt of a down payment of $200. Thereafter the defendant refused to make the down payment

or to go on with the contract, and this action was begun by the plaintiff to recover the sum of $238, being the amount of the estimated profits the loss of which plaintiff had suffered.

It was the contention of the defendant that he signed the contract upon representations that it was not to be effectual until he had made the down payment, which he was to make within a few days after the signing of the contract. The contract remained in the possession of the plaintiff.

There was a jury trial, and the jury found (1st) that the plaintiff's agent, W. C. Freeman, represented to the defendant that, the contract meant nothing until he, the defendant, had paid some money to the plaintiff as a down payment; (2d) that Freeman knew the representation to be false; (3d) that it was false; and (4th) that the defendant relied upon it.

Judgment was entered dismissing the plaintiff's complaint, from which the plaintiff appeals.

*Arthur A. Thiele* of Green Bay, for the appellant.

For the respondent there was a brief by *North, Parker, Bie & Welsh,* attorneys, and *Frederick N. Trowbridge,* of counsel, all of Green Bay, and oral argument by *Mr. Trowbridge.*

The following opinion was filed October 11, 1927:

ROSENBERRY, J.   It is urged very strenuously here that negotiations between the parties prior to and at the execution of the written contract were merged in it and could not be extended or contradicted by parol evidence.   As a general principle that is undoubtedly sound, but to it there are some exceptions.   Parol evidence is always admissible to show that a written contract not under seal was not to become effective until some future day or upon the happening of some contingency, provided the written conditions are not repugnant to the conditions sought to be established by parol.

*Golden v. Meier,* 129 Wis. 14, 107 N. W. 27; *Gilman v. Gross,* 97 Wis. 224, 72 N. W. 885.

In this case the finding of the jury establishes the defendant's contention, although the question as submitted was not framed with regard to the legal proposition stated. While the contract itself admitted the receipt of $200, it is not claimed that the amount was paid, and it would seem to be quite a natural thing for the parties to agree that until it was paid the contract should not become effective. It is not necessary that there be fraud; if there was an agreement or understanding, as found by the jury in this case, that the contract was to be, as the defendant stated it, "no good" until he made the down payment, it is sufficient, and that fact may be established by parol evidence without in any way infringing on the rule contended for by plaintiff. The contingency upon which the contract was to go into effect having never happened, the defendant is not liable. We do not find it necessary, therefore, to discuss the question of measure of damages, a question also argued in this case.

*By the Court.*—Judgment affirmed.

A motion for a rehearing was denied, without costs, on December 6, 1927.