Koch, Appellant, vs. Russell R. Johnstone, Inc. and another, Respondents.

*October 15—November 11, 1930.*

For the appellant there was a brief by *Rix, Barney & Kuelthau* of Milwaukee, and oral argument by *G. Carl Kuelthau*.

*George H. Katz* of Milwaukee, for the respondents.

OWEN, J. The written agreement obligated the defendant Russell R. Johnstone to "pay all debts, liabilities, and obligations of said Russell R. Johnstone, Inc." It is conceded that this language is sufficiently broad to include the notes held by the plaintiff against the defendant corporation. It is contended by the defendant Johnstone that the real agreement between the parties did not contemplate the assumption of the notes here in suit by him. They have experienced some difficulty, however, in justifying the introduction of parol evidence to vary the written agreement. They first prayed for a reformation of the written agreement on the ground of mutual mistake. This theory was abandoned before the trial, when the answer was amended to allege a con-

ditional delivery of the contract, in reliance upon the rule that parol evidence is admissible to show that a written contract, though manually delivered, was not to become binding or valid until the performance of some condition precedent. *Hodge v. Smith,* 130 Wis. 326, 110 N. W. 192; *Golden v. Meier,* 129 Wis. 14, 107 N. W. 27; *Thorne v. Ætna Ins. Co.* 102 Wis. 593, 78 N. W. 920; *Nutting v. Minnesota Fire Ins. Co.* 98 Wis. 26, 73 N. W. 432. The trial court apparently was of the view that there was a conditional delivery of the agreement, the condition being that before it became valid and effective the plaintiff was to deliver possession of the notes. We do not find it easy to concur in this view. The defendant Johnstone evidently treated it as an effective and binding contract immediately upon its delivery, as he proceeded at once to act thereunder and to discharge the obligations which he had assumed by it. He did not wait for a delivery of the notes or the stock, but proceeded in apparent confidence that the plaintiff would make delivery in accordance with the agreement which the court found he made at the time of the execution and delivery of the contract. If there was a conditional delivery of the contract, then it never became effectual, as such condition was never consummated. Johnstone's conduct in acting under the contract strongly indicates his belief that the contract had become effective, and strongly if not conclusively negatives the idea that there was a conditional delivery.

But the parol evidence was clearly admissible for another purpose. While the contract obligated Johnstone to pay the debts of the corporation, the contract does not identify them. The written instrument furnishes no evidence as to what those debts were. Johnstone is not required to pay debts which the corporation did not owe. The plaintiff brings into court three several promissory notes executed by the defendant corporation prior to the contract in ques-

tion.  These notes constituted evidence of an indebtedness owing by the corporation to the plaintiff, but if that indebtedness had been paid, or released, or discharged prior to the execution or delivery of the written agreement, then the notes were but mere evidence of an indebtedness which did not exist.  It was perfectly competent for the defendant Johnstone to show that before the written agreement became an effectual and binding contract by delivery, this indebtedness had been released and discharged and, consequently, did not constitute a part of the debts, liabilities, and obligations which he assumed by the terms of the written agreement.  It simply defined the subject matter to which the written agreement applied which did not appear upon its face.  There can be no question that the facts found by the court constituted a release on the part of both Johnstone and Koch of their claims against the corporation.  It was a valid agreement entered into by them for the benefit of the corporation.  While the plaintiff still held the notes evidencing the indebtedness, the indebtedness which they evidenced had been released and discharged.  While the theory on which the parol evidence to show the real contract was admitted is doubtful, nevertheless we think it was clearly admissible upon the theory above indicated.  The judgment is supported by the findings of the court and should be affirmed.

*By the Court.*—Judgment affirmed.

FAIRCHILD, J., took no part.