710

## MILWAUKEE MECHANICS INS. CO. OF MILWAUKEE, WIS., v. BITTEL et al.

### No. 10693.

Circuit Court of Appeals, Ninth Circuit.

Nov. 30, 1944.

Rehearing Denied Jan. 2, 1945.

Clausen, Hirsh & Miller, of Chicago, Ill., and Joseph A. Ball, of Long Beach, Cal., for appellant.

Henry D. Lawrence, of Long Beach, Cal. (Walhfred Jacobson, of Long Beach, Cal., of counsel), for appellees.

Richard Hunt Sampson, DeWitt Morgan Manning, and Tripp, Callaway, Sampson & Dryden, all of Los Angeles, Cal., for Pennsylvania Fire Ins. Co., amicus curiæ.

Before DENMAN, STEPHENS, and HEALY, Circuit Judges.

DENMAN, Circuit Judge.

Appellant, Milwaukee Mechanics Insurance Company of Milwaukee, Wisconsin, a Wisconsin corporation, hereinafter called Milwaukee, brought suit in the district court against Charles Bittel and Florence Bittel Rene, hereinafter called insured, who were residents and citizens of the State of California. The complaint was for declaratory judgment that Milwaukee was not liable for loss by fire to insured's property in Beloit, Wisconsin, covered by its policy held by insured. The amount involved was in excess of $3,000 and jurisdiction of the district court was based upon diversity of citizenship. The relief for declaratory judgment was sought under the Federal Declaratory Judgment Act, 28 U. S.C.A. § 400, Judicial Code, Section 274d.

The insured filed a counterclaim against Milwaukee and, by leave of court, were permitted to bring in the Pennsylvania Fire Insurance Company, a Pennsylvania corporation, hereinafter called Pennsylvania, as a third party defendant.

The insured's answer and third party complaint alleged the issuance of policies of insurance in both Milwaukee and Pennsylvania and prayed judgment that either Milwaukee or Pennsylvania, or both, be held liable to indemnify the insured in the amount of $3,397.28, which was stipulated to have been the amount of loss and damage sustained by insured.

The district court held that both policies were in full force and effect at the time of the loss and directed each of the insurers to pay one-half the loss sustained by insured. From that judgment this appeal is prosecuted.

There is no dispute as to the facts upon which the judgment is based. The insured, in California, for over four years had employed one Thomas, in Beloit, Wisconsin, as their broker to place insurance on their buildings in Beloit. Over these years Thomas had placed the insurance with Milwaukee, sent the policies to insured in California, paid the insurance premiums and, as insured's broker, extended credit to the insured, also sending his bills to the insured in California. Insured were slow to pay but in course of time paid the premiums.

Prior to May 24, 1942, the expiration of Milwaukee's policy covering the Beloit property, Thomas, as customary, renewed the insurance for a year and sent the policy, as usual, to the insured. He paid the full premium to Milwaukee 45 days later, extending credit to the insured, also as customary. The fire occurred on December 21, 1942.

Before Thomas obtained the policy from Milwaukee, one Kile was empowered by in-

sured to place insurance on the Beloit property. His wife, Mrs. Kile, attempted to notify Thomas that he need not renew the Milwaukee insurance but the message did not reach him. Prior to May 24, 1942, Kile placed insurance for the same amount with Pennsylvania. He paid Pennsylvania the premiums out of the rents he collected on insured's property in Beloit. In his accounting to insured in California the amount of the premium to Pennsylvania appeared, but not the fact that the policy was in Pennsylvania rather than in Milwaukee. Insured did not know whether the Milwaukee policy they had received from Thomas was a policy placed by Kile.

Kile died and Mrs. Kile succeeded him as agent to care for the Beloit property of the insured. After some six weeks of waiting for his premium, Thomas inquired of Mrs. Kile about its payment. She then told him about placing insurance with Pennsylvania. He asked her to ask insured either to return the Milwaukee policy or pay its premium. This Mrs. Kile did and insured kept the policy but did not pay the premium. After this, Thomas sent another bill to insured and later another bill, "possibly four" in all. He never cancelled the policy with Milwaukee "because" he stated "I wanted my premium."

The question before the district court was whether the policy, never having been cancelled, the premium being received and kept by Milwaukee, the insured keeping the policy after Thomas asked its return or payment of the premium, and Thomas thereafter extending credit to insured for the premium up to the time of the fire, Milwaukee had established its claim that it had never insured against the loss.

We think not. We are not concerned with what claim Thomas may have against insured for advancing the premium for insured, as had been customary for him in the past. Thomas' agency for the insured had not been terminated by any notice to him, and through him there was a meeting of minds with Milwaukee. Insured held a policy for which the premium had been paid the insurer and the insured, as the beneficiary of Thomas' action, could take that benefit as against Milwaukee, whatever obligation to Thomas it might involve.

Appellant cites Whitman v. Milwaukee Fire Ins. Co., 128 Wis. 124, 107 N.W. 291, 5 L.R.A.,N.S., 407, 116 Am.St.Rep. 25; Nutting v. Minnesota Fire Ins. Co., 98 Wis. 26, 73 N.W. 432; John R. Davis Lumber Co. v. Scottish Union & National Ins. Co., 94 Wis. 472, 69 N.W. 156; Pacific Nat. Fire Ins. Co. v. Suit, 201 Ark. 767, 147 S.W.2d 346; W. P. Harper & Co. v. Ginners Mut. Ins. Co., 6 Ga.App. 139, 64 S.E. 567; Niagara Fire Ins. Co. v. Aebischer, 169 Okl. 511, 44 P.2d 5; Clark v. Insurance Co. of North America, 89 Me. 26, 35 A. 1008, 35 L.R.A. 276; New v. Germania Fire Ins. Co., 171 Ind. 33, 85 N.E. 703, 131 Am.St. Rep. 245, and Carpenter v. Carpenter, 141 Wis. 544, 124 N.W. 488. In none of these was a policy issued and delivered to the insured, the premium paid by the insured's agent to the insurance company, the policy not cancelled by the company, and the premium retained by it.

The judgment is affirmed.