KRYL, Appellant, vs. MECHALSON, Respondent.

*April 6—May 8, 1951.*

*Tom Donoghue* of Oconto, for the appellant.

*E. B. Martineau* of Marinette, for the respondent.

GEHL, J.    Plaintiff contends that a violation of the parol-evidence rule would result from receipt of the offered proof. Defendant replies to the contention that it was offered, not to vary the terms of the writing, but to show that the paper was not to become effective as a contract until the consent of the union and the approval of Mr. Quaal had been obtained.

We agree with the trial court that the testimony should have been received. It was not offered to vary the terms of the contract. It was submitted as proof that the instrument should not take effect as a contract until the consent and approval had been obtained. It was not directed toward the contents of the agreement, but to establish a condition precedent, the happening of which was necessary before it became a binding contract. *Paulson v. Boyd,* 137 Wis. 241, 118 N. W. 841; *Munz v. Leuchtenberger,* 180 Wis. 56, 192 N. W. 475.

"Parol evidence is always admissible to show that a written contract not under seal was not to become effective until some future day or upon the happening of some contingency, provided the written conditions are not repugnant to the conditions sought to be established by parol." *Bultman v. Frankart,* 194 Wis. 296, 297, 215 N. W. 432.

". . . the testimony rejected by the court was admissible for the purpose, not of varying the terms of a written instrument or of showing a condition subsequent, by virtue of which such instrument once effective should become ineffective and inoperative, but, rather, for the purpose of establishing that never at any time was there an effective written contract, that there never had been any delivery of the instrument as a contract and that it never became operative." *Foot, Schulze & Co. v. Skeffington,* 52 N. D. 307, 313, 202 N. W. 642.

The evidence offered is not repugnant to the written terms of the writing. The agreement is similar to one entered into on a stock subscription where the subscriber offers to prove that the subscription shall not become effective until others have signed or a specific amount of the stock shall be subscribed. In a situation of that sort we have held that parol evidence to prove the condition is admissible. *Gilman v. Gross,* 97 Wis. 224, 72 N. W. 885.

Plaintiff urges that the provision in the writing that "it is understood that this contract is complete in itself, and that

the party of the first part is not bound by any other terms or agreements other than are herein contained" requires rejection of the proof offered and relies upon *Edward T. Kelly Co. v. von Zakobiel,* 168 Wis. 579, 171 N. W. 75. It must be observed, however, that in that case the contract contained a provision that "this contract is irrevocable and no *conditions* affecting it not embodied herein exist;" as the court points out, the quoted provision expressly precluded proof of conditions, which is not the case here. The *Kelly Case* comes within the rule that "where an instrument states that no conditions exist or may exist except as expressed therein, parol evidence of a condition precedent is not admissible, . . ." 32 C. J. S., Evidence, p. 859, sec. 935, and is therefore distinguishable.

Notwithstanding a provision similar to that contained in the instant paper the court in *Bultman v. Frankart, supra,* held that parol evidence of a condition precedent was admissible.

Indicative of the extent to which this court has gone in applying the rule here invoked is *Paulson v. Boyd, supra.* In that case Boyd gave one Ellis his note for $2,500 in response to Ellis' insistence that Boyd take stock in a mining venture. Boyd offered to prove by parol that it was agreed between them that the note was to be effective only if the mining venture should be profitable, and that if the stock did not realize enough to pay the purchase price and Boyd did not then want it Ellis would cancel the note. It was held that there was not a contract represented by the note and that the arrangement constituted a condition, the performance of which was necessary before the obligation on the note actually existed; and that parol proof of the agreement was properly received.

Also, *Hodge v. Smith,* 130 Wis. 326, 110 N. W. 192, where an action was brought on a note signed by a number of people for the purchase price of a horse. The defense was

that it was agreed when the notes were signed that the signatures of two other persons would be obtained. They were not obtained. The court held that parol evidence of such agreement was admissible to show that the note did not represent a binding obligation until the happening of a specified event—the signature of the other two parties.

The error in rejecting the proof offered resulted in the submission to the jury of inquiries not really affecting the issues. There must, therefore, be a new trial upon all the issues.

*By the Court.*—Order granting a new trial affirmed.