GEORGE F. RUSSELL, INC., Appellant, vs. HICKCOX, Respondent.

*December 7, 1928—January 8, 1929.*

For the appellant there were briefs by *Hoyt, Bender, Mc-Intyre & Hoyt* of Milwaukee, and oral argument by *Ralph M. Hoyt.*

For the respondent there was a brief by *Wolfe & Kolinski* of Milwaukee, and oral argument by *H. O. Wolfe.*

CROWNHART, J. A partnership under the name of Thiermann-Russell Company had existed for some years prior to 1924. The partnership had a broker's license to transact business for the year 1924. In January, 1924, a corporation was organized by the partners, under the same name as used by the partners; the same persons became officers of the corporation, save the fact that they took in their respective wives as qualifying directors.

All the assets of the partnership were turned over to the corporation in exchange for stock in the corporation, and the partnership went out of business.

The corporation wrote the Real Estate Board advising it that it would apply for a license, but intended to close up

pending business of the partnership under the partnership license. No application was in fact made for a license in 1924 for the corporation to act as a real-estate broker, and it had no license for 1924.

The corporation failed to find a purchaser for the property within the allotted ten days specified in the contract, and defendant Hickcox extended the time to close the deal by writing in the contract "Dec." in place of "Nov.," thereby extending the time one month.

December 8, 1924, Russell induced one Uihlein to purchase the property and to pay cash therefor. Uihlein did not want his name to appear in the deal, so he took from Russell and his wife an agreement to assign to Uihlein any contract they might conclude with Hickcox. Russell then tendered to defendant his check for $1,500 to apply on the purchase money, and called for the abstract of title. Defendant could not furnish title at once, but had to make arrangements with a bank, with which he was formerly connected, which held the title to the property as collateral. He was unable to get his title clear until the May following. In the meantime the deal was called off, with the understanding that when defendant should have clear title it might be renewed.

Within a month of the meeting between Russell and defendant, in December, when the abstract was requested, Thiermann withdrew from the Thiermann-Russell Company by selling to Russell all his stock. Subsequently the name of the corporation was changed to the George F. Russell Company, the plaintiff herein.

After defendant cleared his title in May, 1925, Thiermann, who had gone into the real-estate business on his own account, knowing of the Russell deal with defendant and Uihlein, offered to sell Uihlein the same property as agent for defendant, and did so. Uihlein hesitated to deal with Thiermann, but, upon being shown that Thiermann had au-

thority from Hickcox, agreed to and did purchase the property through Thiermann.

The plaintiff thereupon brought suit for the full commission, $4,050, pursuant to the December, 1924, contract, on the theory that the commission was fully earned in December, when the abstract of title was requested and a purchaser procured who was able, ready, and willing to purchase the property.

The trial court found that the contract was an exclusive agency contract, conditional on the defendant being able to clear his title within the time limited in the contract; that the condition was not and could not be fulfilled, and on this ground gave defendant judgment.

The court further found that plaintiff did not have a real-estate broker's license at the time it entered into the contract or during the year 1924, but held that under the circumstances of this case the lack of such license was immaterial.

An examination of the evidence convinces us that the findings of fact are sustained by the evidence.

The plaintiff contends that parol evidence tending to show conditional delivery of the contract was objectionable as varying the terms of the written contract. The general rule is that parol evidence is admissible to establish conditional delivery of a written document purporting on its face to be a contract. The rule is stated in 10 Ruling Case Law, p. 1055, as follows:

"So it has become the settled rule in a majority of states that a written contract, whether under seal or not, may, by parol, be proved to have been delivered to the obligee upon a parol condition that it was not to become binding until the happening of a future event, and may be avoided upon the further proof that such event has not occurred."

This rule has been frequently sustained by this court. *Nutting v. Minnesota Fire Ins. Co.* 98 Wis. 26, 73 N. W. 432; *Golden v. Meier,* 129 Wis. 14, 107 N. W. 27; *Paulson*

*v. Boyd,* 137 Wis. 241, 118 N. W. 841; *Union Inv. Co. v. Epley,* 164 Wis. 438, 160 N. W. 175; *Munz v. Leuchtenberger,* 180 Wis. 56, 192 N. W. 475. The admission of the testimony was proper.

But we do not concur in the conclusion of the trial court that the corporation could recover a broker's commission without having at the time a real-estate broker's license. The statute provides:

"136.01 (25). On and after January 1, 1920, any person, firm, or corporation who shall engage in or follow the business or occupation of, or advertise or hold himself or itself out as or act temporarily or otherwise as a real-estate broker or real-estate salesman in this state without first having obtained a license therefor as required and provided by this section, or who otherwise violates any provisions of this section, shall be guilty of a misdemeanor, and, on conviction thereof, shall be punished by a fine of not less than twenty-five nor more than two hundred and fifty dollars or by imprisonment in the county jail for not less than ten nor more than sixty days."

The partnership and the corporation were two separate entities. The partnership ceased at the time the corporation began business. The corporation could not deal in real estate without a license. Its contract to sell real estate of defendant was therefore void. *Payne v. Volkman,* 183 Wis. 412, 198 N. W. 438; *Hickey v. Sutton,* 191 Wis. 313, 210 N. W. 704.

The letter to the Real Estate Board was of no effect. The Real Estate Board could not pass upon the question of granting a license until an application therefor was filed with it, and it then would be required to pass upon applicant's trustworthiness. In this it had wide discretion, depending upon the facts. *State ex rel. Durham T. L. Corp. v. Brokers Board,* 192 Wis. 396, 211 N. W. 292.

*By the Court.*—The judgment of the circuit court is affirmed.