DAVID A. CALHOUN, Respondent, *v.* S. MORRILL BANNER et al., Appellants.

(Argued June 13, 1930; decided July 8, 1930.)

*Osmond K. Fraenkel* for appellants. Plaintiff's right to recover should be denied. (*Bendell* v. *De Dominicis*, 251 N. Y. 305.)

*Eugene L. Bondy* for respondent. The plaintiff was not barred from recovery by any violation of article 12-A of the Real Property Law. (*Reis Co.* v. *Zimmerli*, 224 N. Y. 351; *Davidson* v. *Stocky*, 202 N. Y. 423; *Sibbald* v. *Bethlehem Iron Co.*, 83 N. Y. 378; Williston on Contracts, § 1030; *Bendell* v. *De Dominicis*, 251 N. Y. 305; *Richards* v. *Wiener Co.*, 145 App. Div. 353; *Dykers* v. *Townsend*, 24 N. Y. 57; *Siegel* v. *Rosenszweig*, 129 App. Div. 549; *Trieper* v. *Buckley & Horton Co.*, 119 Misc. Rep. 597.)

LEHMAN, J. The jury has found upon sufficient, though disputed, testimony that the plaintiff, a real estate broker, complied with the terms of his employment by procuring a proposed purchaser for property owned by the defendants ready, able and willing to enter into a contract upon the terms laid down by the defendants. The only question of law which the defendants urge on this appeal is that the plaintiff was not a licensed real estate broker at the time he was employed by the defendants.

The evidence establishes that the plaintiff had procured a license before he induced his customer to accept the defendants' offer to sell. Until that time he had earned no compensation. The statute provides that no cause of action for compensation for services rendered as a real estate broker may be maintained by any person without allegation and proof " that such person was a duly licensed real estate broker * * * on the date

when the alleged cause of action arose." (Real Property Law, § 442-d; Cons. Laws, ch. 50.) The plaintiff has complied with the letter of the statute.

In the recent case of *Bendell* v. *De Dominicis* (251 N. Y. 305) this court gave warning that even where the broker complied with the letter of the statute by procuring a belated license before the negotiations he had instituted were formally consummated, he might not recover compensation for services illegally rendered in the conduct of the negotiations. In that case Judge POUND formulated the question presented: " Out of services illegally rendered comes a lawful contract of sale. The question is whether, assuming for the purpose of the argument that plaintiff was the producing cause of the agreement although he was absent when it was actually concluded, his claim for compensation is outlawed by the criminal nature of such services. The answer seems conclusively in the affirmative. Illegality is a defense to the action independently of the burden of allegation and proof contained in section 442-d."

Here no such question is presented, even though we should assume that the evidence establishes that the plaintiff was not licensed as a broker at the time he was employed. Until the license was obtained any services he might render would be illegal; but for such illegal services, if any, the plaintiff claims no compensation. All the negotiations, all the services rendered through which the plaintiff induced his customer to accept the defendants' offer, came after the date of the license. No illegal act by the plaintiff was a producing cause of the results achieved by the plaintiff for which he claims compensation; or taints with its own illegality the plaintiff's cause of action.

The judgment should be affirmed, with costs.

CARDOZO, Ch. J., POUND, CRANE, KELLOGG, O'BRIEN and HUBBS, JJ., concur.

Judgment affirmed.