# Richmond

HANCOCK COMPANY, INCORPORATED v. BELLE STEPHENS.

April 21, 1941.

Record No. 2323.

Present, All the Justices.

*George H. Marshall* and *W. L. Joyce,* for the plaintiff in error.

*John R. Smith* and *Carter & Williams,* for the defendant in error.

SPRATLEY, J., delivered the opinion of the court.

Hancock Company, Incorporated, a foreign corporation, instituted this action, on September 22, 1938, against Mrs. Belle Stephens to recover fees for services rendered by it in Virginia, under contract as a real estate broker. Its notice of motion for a judgment alleged that the services were performed through its president and agent, A. F. Hancock.

Mrs. Stephens pleaded the general issue and filed two special pleas. One special plea alleged that the plain-

tiff was not a licensed real estate broker, under the laws of Virginia, at the time it claimed to have performed the services mentioned. The other plea alleged that the plaintiff had no power under its charter to do the acts which it alleged it performed.

All questions of law and fact were submitted to the court without a jury. The court, without passing upon the question raised by the plea of *ultra vires,* being of the opinion that the plaintiff had not been licensed as a real estate broker in Virginia, and that its alleged contract was, therefore, null and void, entered judgment for the defendant. To this judgment this writ of error was awarded.

The question is whether Hancock Company, Incorporated, was licensed as a real estate broker in Virginia, under the provisions of Virginia Code, 1936, chapter 175 C, sections 4359 (77)-4359 (91).

The validity of the statute is not questioned. We recently upheld it in *Massie* v. *Dudley,* 173 Va. 42, 3 S. E. (2d) 176. The controlling principles enunciated in that case were even more recently approved in *Colbert* v. *Ashland Const. Co., Inc.,* 176 Va. 500, 11 S. E. (2d) 612, decided November 25, 1940, construing a statute of similar import.

Code, section 4359 (77), expressly provides that it shall be unlawful for any person, co-partnership, association or corporation to act as a real estate broker in Virginia without a license issued by the Virginia Real Estate Commission. No corporation can be granted a broker's license unless every officer and employee of the corporation who actively participates in its real estate business shall hold a license as a real estate broker or salesman.

Section 4359 (78) defines real estate brokers and real estate salesmen. Corporations are included within the classification of those who may act as brokers. This section further provides that "one act for compensation * * * shall constitute the * * * corporation performing, offering, or attempting to perform any of the acts enum-

erated herein a real estate broker * * * within the meaning of this act.''

Section 4359 (79) creates a real estate commission.

Section 4359 (81) provides that every applicant for a broker's license shall apply therefor in writing, and that the application shall be accompanied by supporting recommendations. The application must state the name of the person, firm or corporation with which the applicant will be associated in the real estate business. The applicant must ''furnish a sworn statement setting forth his present address, both of business and residence, a complete list of all former places and firms where he may have resided or been engaged in business for a period of sixty days or more during the last five years, * * * together with the name and address of at least one real estate owner in each of said counties or cities where he may have resided or have been engaged in business.''

Section 4359 (83) fixes a fee for the broker's license at ten dollars, and for the salesman's license at five dollars, subject to a reduction not applicable here.

Section 4359 (86) permits a non-resident of this State to become a real estate broker by conforming to all of the provisions of the Act, upon the condition ''that every non-resident applicant shall file an irrevocable consent that suits and actions may be commenced against such applicant in the proper court of any county or city of this State, in which a cause of action may arise in which the plaintiff may reside,'' by the service of process on the secretary of the Real Estate Commission.

The Act as a whole and the cited sections make it manifest that every person or corporation must secure a separate license before engaging in the real estate business. The license of an employee or an officer of the corporation does not confer on the corporation the right to engage in the business. A condition precedent to a real estate corporation securing a broker's license is that every officer and salesman of the corporation actively participating in the brokerage business of such

corporation must also hold a license as a broker or salesman.

The facts relied on to show compliance with the statute are as follows:

On May 16, 1938, Austin F. Hancock executed an application to the Virginia Real Estate Commission for a real estate broker's license. The name of the applicant is stated as "Austin F. Hancock," legal resident of North Carolina, main place of business, New York City, residence for past five years, North Carolina and New York City. In the place provided for the "Signature of Applicant" appears the name "Austin F. Hancock." Attached to the application is the certificate of two citizens of North Carolina, stating that the applicant bears a good reputation. At the same time, Austin F. Hancock executed the irrevocable consent that suits and actions might be commenced and prosecuted against "him," the subscriber. In one place in the consent, it is stated that "I, or we" the above named Applicant for License privilege, Austin F. Hancock, Trading and/or Operating Individually or for or under the firm name of Hancock Company, Inc., has made application for a license to act as a Real Estate Broker, or Real Estate Salesman, Non-Resident." Later in the same paper, it is asserted that "the above named Applicant for License privilege, Austin F. Hancock as aforesaid, hereby execute and file" this contract. Thereafter the name "Austin F. Hancock" is signed above the printed words "Signature of Applicant."

Hancock Company, Inc., did not execute an application for a license. No recommendations as to its good reputation and honesty, no statement setting forth its business and residence address, no irrevocable consent for it to be sued in Virginia, nor any evidence that every one of its officers actively participating in the real estate business held a license as a broker, all of which are required by the statute, have ever been filed with the Real Estate Commission. Likewise, it failed to show, as

permitted under Virginia Code, 1936, section 4359 (86), that it was licensed as a real estate broker in another state.

On May 17, 1938, the Real Estate Commission issued its certificate certifying that ''Austin F. Hancock of Hancock Company, Inc., is duly Licensed to act as a Real Estate Broker.''

The services for which this action was brought were alleged to have been performed on and before May 26, 1938. It is not shown that the request of the corporation to the State Corporation Commission to be domesticated in Virginia was granted before July 15, 1938.

The plaintiff contends that the license was issued to the corporation and that it authorized the corporation to act through A. F. Hancock, its officer and agent, as a broker. The secretary of the Commission, in answer to the question, ''Does that license, according to the usual form, license Hancock Company, Incorporated?'' replied, ''It licenses Austin F. Hancock as a broker representing the Hancock Corporation.''

It appears that the Commission understood and assumed that the license which was issued licensed both Hancock Company, Inc., and Austin F. Hancock, and that either or both could act as brokers thereunder. The plaintiff argues, therefore, that, it having complied with the regulations of the Commission, the statute should be construed to uphold the license as covering its activities as a broker.

We cannot agree with plaintiff's contention. As we have hereinbefore said, one real estate broker's license cannot license both a corporation and a person.

The record, we think, clearly shows that the license was applied for only in the name of a person. The name of the corporation as the employer of that person, as found in the application and in the license, merely identifies the applicant as its officer and agent. Unless Hancock was licensed, Hancock Company, Inc., could not secure a license. On the other hand, Hancock could secure

a license without one being issued to his corporation. Only one license fee of ten dollars was paid, and only one irrevocable consent to be sued was filed. Hence, we conclude that no license was issued to the corporation. It could not get a license without paying a license fee, and without a license it was without authority to act as a real estate broker.

■ The fact that Hancock acted in good faith and did all that was required of him by the Commission does not alter the plain provisions of the statute. We must construe the law as it is written. An erroneous construction by those charged with its administration cannot be permitted to override the clear mandates of a statute. Amendments of the statutes or exceptions thereto can only be added by the legislature and not by the courts or the administrative officers of the State. The power to change or amend a law is a power to make law.

Although we recognize the apparent hardships sometimes resulting, we have consistently held that the courts will not aid a party to enforce an agreement made in furtherance of acts expressly made illegal by the statutes. See *Massie* v. *Dudley, supra,* and *Colbert* v. *Ashland Const. Co., Inc., supra,* and cases cited therein.

■ We repeat "The law refuses to enforce illegal contracts, as a rule, not out of regard for the party objecting, nor for any wish to protect his interest, but from reasons of public policy." 2 Elliott on Contracts, section 1064.

In the case of *Colbert* v. *Ashland Const. Co., Inc., supra,* a recovery was denied for an unpaid balance due for work done under a contract by a construction company which did business under a trade name, not disclosing the name of the real owner thereof, without registration of the name and address of the real owner of the company as required by statute.

We are cited to no cases involving exactly the same contention presented here. However, the following three cases from other states involve a somewhat similar prin-

ciple supporting the ruling established in Virginia: *Lee* v. *Moseley* (1929), 40 Ga. App. 371, 149 S. E. 808; *Russell, Inc.* v. *Hickcox* (1929), 197 Wis. 622, 222 N. W. 807; *Wise* v. *Radis* (1929), 74 Cal. App. 765, 242 P. 90.

In the view we have taken of the case, the question raised in the second plea of the defendant becomes moot.

The judgment of the trial court is plainly right and is affirmed.

*Affirmed.*