# Richmond

March 7, 1955.

## HARRY G. CLARK v. JAMES R. MOORE.

March 7, 1955.

Record No. 4328.

Present, Hudgins, C. J., and Spratley, Buchanan, Smith and Whittle, JJ.

The opinion states the case.

*Louis B. Fine* and *Robert C. Stackhouse*, for the plaintiff in error.

*Willcox, Cooke & Willcox* and *Richard B. Spindle, III,* for the defendant in error.

WHITTLE, J., delivered the opinion of the court.

Harry G. Clark filed a motion for judgment against James R. Moore, alleging that he was due the sum of $1,000 for services based upon an oral contract concerning certain work to be done on a building at the Naval Base in the city of Norfolk. The motion alleged in part:

"The said contract provided for the payment to the plaintiff of ten per cent of the profits made on the above mentioned work * * * for services rendered in figuring the costs and profits on the job, and the allocation of subcontracts, and for general engineering services and advice, in an effort to obtain an award of the contract work at the Naval Base, * * *". It was further alleged that the profit on the work amounted to $10,000, and that plaintiff was entitled to ten per cent thereof, or $1,000.

The defendant filed his answer denying that he owed Clark any sum whatsoever under the alleged contract.

The case was tried before a jury, and at the conclusion of plaintiff's evidence the defendant moved to strike the evidence on the ground that it was alleged in the motion and established by Clark's testimony that he held himself out as a professional engineer and was practicing his profession without first having obtained a Virginia license, in violation of § 54-27, Code of Virginia, which violation rendered the contract illegal and void. The court sustained the motion, and the jury returned a verdict for the defendant. Over the objection of the plaintiff, judgment was entered on the verdict. We granted the plaintiff a writ of error.

Plaintiff testified that he had received a degree in civil engineering from the School of Engineering in Lima, Peru; that he was a civil engineer by occupation; that he had been engaged in the practice of engineering in many different capacities in Virginia, and that he was thoroughly qualified by education and practical experience as a civil engineer.

He admitted, however, that he was not registered or licensed in Virginia.

Plaintiff contends that although he alleged in his motion that the contract provided for general engineering services and advice, and that while he testified that he was to render such services to the defendant, the services rendered did not factually come under the category of general engineering services and therefore § 54-27 should not apply.

He testified, however, that the services performed by him on behalf of the defendant pursuant to the contract included the following: (1) The inspection of the structure on which the work was to be performed. (2) A study of the government plans and specifications. (3) A detailed calculation of the estimated cost of the work. (4) The calculation of the amount of materials to be used in the repair of the structure. (5) The preparation of a detailed schedule of the work to be performed. (6) The procurement of a contractor's performance bond based upon the estimate prepared by him for the defendant.

The plaintiff also testified:

"Q. As I understand it from your testimony, Mr. Clark, you took the specifications, and from your civil engineering experience and by requesting a few unit prices from Mr. Dadmun and building supply people, you computed the cost of the contract?

"A. That is right."

Aside from Clark's allegation and the admission in his testimony that his services to the defendant were general engineering services, the above detailed work performed by him clearly shows that the services rendered properly fall within the category of civil engineering services. The Encyclopedia Americana, Vol. 6, p. 731, defines civil engineering in relation to modern practice as follows: "The civil engineer may also specialize in the various steps in the stages of a project such as investigation, design, construction, operation or valuation." Admittedly, the services rendered by the plaintiff included investigation, design and cost valuation.

We have consistently held that where a litigant testifies unequivocally to facts within his knowledge and upon which his case turns, he is bound thereby. Here the allegations in the motion and the evidence of the plaintiff both show beyond preadventure that the services rendered under the alleged contract essentially embraced general engineering, and the plaintiff is bound by both the allegations and the factual proof. *Massie* v. *Firmstone*, 134 Va. 450, 114 S. E. 652; *Crew* v. *Nelson*, 188 Va. 108, 49 S. E. (2d) 326.

Section 54-27, Code of Virginia, made it mandatory that Clark secure a license before he could lawfully perform these services. The section reads in part as follows:

"In order to safeguard life, health and property, any person practicing or offering to practice as * * * a professional engineer * * * shall hereafter be required to submit reasonable evidence to the Board * * * and to be certified as herein provided. It shall be unlawful for any person to practice * * * the profession of engineering * * * unless such person has been duly registered * * *."

Section 54-17(2), defining terms, provides: "Professional engineer shall be deemed to cover a civil engineer, mechanical engineer, * * *", etc.

Obviously the statute is a police regulation and not a revenue measure. We said in *Massie* v. *Dudley*, 173 Va. 42, 53, 3 S. E. (2d) 176, 181:

"In general, it seems to be well established that where a licensing statute is a police regulation, having for its object the protection of the public, making it unlawful for a person to engage in a business without a license, and imposing a penalty for its violation, a contract made by an unlicensed person is void and unenforceable." The reason for the rule is stated thus:

"The law refuses to enforce illegal contracts, as a rule, not out of regard for the party objecting, nor for any wish to protect his interests, but from reasons of public policy. Whenever, therefore, the illegality of the contract appears, whether alleged in the pleadings or made known for the first

time in the evidence, it is fatal to the case. * * * The law will not enforce contracts founded in its violation." *Massie* v. *Dudley, supra,* (173 Va., at p. 52; 3 S. E. (2d), at p. 180.) This principle was adhered to in *Hancock Company* v. *Stephens,* 177 Va. 349, 14 S. E. (2d) 332; *State Realty Co.* v. *Wood,* 190 Va. 321, 57 S. E. (2d) 102; *Bowen Electric Company* v. *Foley,* 194 Va. 92, 72 S. E. (2d) 388.

For the reasons stated, we are of opinion that the lower court properly sustained defendant's motion to strike the evidence, and the judgment is therefore

*Affirmed.*