501 P.2d 38

**FARRAGUT BAGGAGE & TRANSFER COMPANY, a corporation, Appellant,**

v.

**SHADRON REALTY INC., an Arizona corporation, and Anderson Realty, Inc., an Arizona corporation, Appellees.**

**No. 2 CA–CIV 1177.**

Court of Appeals of Arizona, Division 2.

Sept. 26, 1972.

Rehearing Denied Oct. 31, 1972.

Review Denied Nov. 28, 1972.

Robertson, Molloy, Fickett & Jones, P. C., by Gerald R. O'Meara and Michael J. Mcehan, Tucson, for appellant.

Soble, Cole & Meehan, P. C., by Harold M. Cole, Tucson, for appellees.

KRUCKER, Chief Judge.

This appeal arises out of a lawsuit instituted by the appellees, plaintiffs below, to recover a brokerage commission allegedly owing for performance of certain services. After pre-trial, cross motions for summary judgment were filed and the court, based upon the record and memoranda of the parties, granted the plaintiffs' motion. From the judgment entered thereon, defendant appealed.

At the time the motions were ruled upon, the record consisted of the pleadings, depositions and certain documentary exhibits. Since review of the challenged ruling necessarily depends upon the state of the record at the time plaintiffs' motion for summary judgment was granted, we shall set them forth in detail.

The plaintiffs' complaint alleged that they were licensed real estate brokers, that by virtue of an oral agreement with the defendant they had obtained and accomplished the execution of a lease between the defendant and one Adamson as to certain real property, that the defendant agreed to pay a brokerage commission in the amount of $3,500 and had breached such agreement. In its answer, the defendant alleged as an affirmative defense that the services for which the compensation was claimed were performed by an agent of the plaintiffs in violation of the real estate licensing statutes.

The pre-trial order set forth several issues, including the following:

"1. Was there an agreement, oral or written, between the parties for the payment of a salesman's or broker's commission or to obtain the leased premises between the Deft Farragut and Larry Adamson?

\*  \*  \*  \*  \*  \*

2. Was the Pltf or Pltf's agent at all times pertinent herein duly licensed as a real estate broker and/or salesman, and if not, is the Pltf precluded from being able to recover a commission?"

\* \* \* \* \* \*

Farragut moved for summary judgment contending that it was entitled, based on the record, to judgment as a matter of law. It referred to the depositions on file and an exhibit appended to the motion. The depositions reflected that the only individual who dealt with Farragut and Adamson was one James Michael Cole. Also, Cole's dealings with Farragut commenced either in the latter part of March, 1970, or early in April, 1970. Negotiations continued until some time in June, 1970, when the respective parties agreed upon the terms of a lease. A formal written lease was executed on June 29, 1970.

The document appended to the motion, certified by the custodian of the records of the Arizona Real Estate Department, indicated that Cole was issued a salesman's license on February 4, 1970, in the employment of Cochise College Park, Inc., that this connection was severed on March 16, 1970, and that a salesman's license in the employment of Shadron Realty, Inc., was issued to Cole on June 15, 1970 and remained in force through December 31, 1970.

Plaintiffs filed an opposition to the motion and its own motion for summary judgment. Appended to the motion was a copy of a letter to Cole from Farragut's attorney, dated May 28, 1970, which referred to an enclosed copy of a proposed lease between Farragut and Adamson for the subject property. The letter suggested that if the lease were satisfactory to Adamson, Cole was to have it executed and returned for execution by Farragut's president. Also appended to the motion was a photocopy of page 13 of the proposed lease which recited:

"No. 27. BROKERAGE COMMISSION:

Lessee shall be responsible for and shall pay the broker's commission due Shadron Realty Co. in the amount of THREE THOUSAND FIVE HUNDRED AND NO/100 DOLLARS ($3500.00)."

Additional exhibits appended to the motion were photocopies of (1) Cole's real estate saleman's license in the employ of Shadron Realty, dated June 15, 1970; (2) a letter dated October 29, 1970, to Shadron's attorney from the president of Anderson Realty enclosing a copy of a letter that he had received from Adamson with respect to Anderson's listing agreement on the subject property; (3) a letter dated October 27, 1970, from Adamson to Anderson which recited the fact that he had orally listed the property with Anderson for purposes of leasing, the tenant to pay the commission, and that the listing had not been cancelled; and (4) a photocopy of a sworn statement of the custodian of the Real Estate Department records which recited:

"I am custodian of the records of said department, Phoenix office, and the following information was taken from the records of our official files:

Real estate salesman license No. 7101 issued on February 4, 1970, to James Michael Cole in the employment of Cochise College Park, Inc., 2221 N. Miracle Mile Strip, Tucson, Arizona 85705. Connections were severed on March 16, 1970.

I further certify that on 17 March, 1970, the Department received a 're-hire' (change of broker by salesman) form from James Michael Cole requesting licensure with Shadron Realty Inc. at 4439 East Broadway, Suite 102, Tucson, Arizona 85711. This request was not accompanied by the transfer fee of $5.00. The fee was subsequently received on 15 June 1970 and the license was issued accordingly."

The defendant contends that a real estate broker is barred from recovering a commission when its claim for commission is based on services rendered by an unlicensed salesman. Plaintiffs, however, in defense of the judgment below, contend that a licensed real estate broker should not be denied a commission solely on the grounds "that his agent's request for a change of license had been temporarily de-

layed due to an inadvertent mistake, when the situation had been completely rectified at the time the negotiations culminated in the agreement giving rise to the right to the commission."

■ The purpose of the statutes relating to licensing of those engaged in real estate activity is to protect the public from unscrupulous and unqualified persons and judicial aid is unavailable to collect commissions sought to be collected in violation of the Law. Bonasera v. Roffe, 8 Ariz.App. 1, 442 P.2d 165 (1968). The legislature of this State has enacted a comprehensive set of statutes regulating real estate activity. A.R.S. § 32–2101 et seq. A.R.S. § 32–2163, enacted in 1960, provides:

"It is unlawful for any licensed [real estate] broker to employ . . . directly or indirectly, any person for performing any of the acts within the scope of this chapter, who is not a licensed . . [real estate] salesman licensed under the broker employing . . . him. . . ."

One of the acts requiring licensed status is the negotiation of any transaction which is calculated to result in the leasing of real estate. A.R.S. § 32–2101, subsec. 1(f), as amended. It is unlawful for any person to engage in the business of a real estate broker or salesman without first obtaining a license. A.R.S. § 32–2122. One who acts as a salesman without being licensed is subject to punishment by imprisonment or fine. A.R.S. § 32–2154. A.R.S. § 32–2155 imposes criminal sanctions on a broker who does not employ legally licensed salesmen.

Another provision of the Act requires display of the salesman's license in the office of the real estate broker and that such license remain in the employer's possession until cancelled or until the salesman leaves his employ, at which time it must be returned to the real estate commissioner by the broker for cancellation. A.R.S. § 32–2128. Furthermore, the license transfer fee must be paid in advance. A.R.S. § 32–2129.

The real estate salesman's license issued by the Real Estate Department to Cole provided on its face that it was valid only while in the employ of the broker named therein at the business address listed. Therefore, the record reflects that from March 16, 1970, when Cole severed his connection with Cochise College Park, Inc., until June 15, 1970, when a license was issued to him in the name of Shadron Realty, he was not a licensed salesman. The record further reflects that during this unlicensed period he performed acts which required that he be licensed.

■ A plaintiff cannot recover where his cause of action cannot be established without showing that he has broken the law. Northen v. Elledge, 72 Ariz. 166, 232 P.2d 111 (1951). In the case of Firpo v. Murphy, 72 Cal.App. 249, 236 P. 968 (1925), a factual situation similar to this case was presented. The court there held that a real estate broker who employed a salesman not licensed as an employee of such broker could not recover a commission for securing lessees of a building through such salesman. The court stated:

"It is therefore manifest from the various provisions of the act that the law charges the employer with knowledge of the fact whether his salesman has or has not a license, and contemplates that no business can be conducted by a broker through a salesman acting in his behalf until a license is procured by him or reissued when there has been a change in the employment of the salesmen. The statute in question is one designed for the protection of the public. . . .

Whenever a statute is made for the protection of the public, a contract in violation of its provisions is void. . . .

The cause of action here relied upon is founded on the violation of a state law. Plaintiff's assignor, having carried on its business in violation of law, any rights arising out of such unlawful transaction, can form no proper cause of action." 236 P. at 969–70.

■ Plaintiffs relied upon the fact that the status of Cole's license during the "negotiations" period was irrelevant since he

was licensed "at the time the claim arose," i. e., when the lease was executed by the parties. It is true that A.R.S. § 32–2152 requires the plaintiffs to plead and prove, as a condition precedent to recovery of the commission, that he was licensed at the time the claim arose. However, we are of the opinion that compliance with A.R.S. § 32–2152 is not the sole condition limiting a broker's rights to recover his commission. In the case of Iron Inv. Co. v. Richardson, 184 Wash. 118, 50 P.2d 42 (1935), the court held that the other statutes, including the Washington counterpart of our A.R.S. § 32–2122, imposed an added burden of compliance. *See also,* Rosenthal v. Art Metal, Inc., 101 N.J.Super. 156, 243 A.2d 828 (1968); Certified Realty Co. v. Reddick, 253 Or. 617, 456 P.2d 502 (1969).[1]

In the case at bar, the plaintiffs, in opposition to the defendant's motion for summary judgment or in support of their own motion, presented nothing capable of proof at trial to show they had performed any services entitling them to payment. Their claim rested solely upon acts performed by Cole. We recognize that where several real estate brokers and salesmen are to participate in compensation arising from a real estate transaction, only the qualifications of the party bringing the suit must be alleged. Weir v. Galbraith, 92 Ariz. 279, 376 P.2d 396 (1962). However, illegality is a defense to the action independent of the burden of allegation and proof contained in A.R.S. § 32–2152. Bendell v. De Dominicis, 251 N.Y. 305, 167 N. E. 452 (1929). As stated in *Bendell*:

> "Otherwise an unlicensed broker might negotiate sales with impunity up to the point of a complete agreement and then obtain his license for the purpose of recovering his commissions on the execution of a formal contract. The law is not so toothless." 167 N.E. at 454.

The later New York case of Calhoun v. Banner, 254 N.Y. 325, 172 N.E. 523 (1930),

relied upon by plaintiffs, is not apposite. In *Calhoun* a broker, who had no license when he was hired, was permitted to recover only because the acts upon which he predicated his claim were all performed after he had his license.

Since the record establishes that the plaintiffs' claim for commission was tainted with illegality in that Cole performed acts requiring a real estate salesman's license while he was unlicensed, they were barred from recovery.

There being no factual issue and defendant having established that it was entitled to judgment as a matter of law, its motion for summary judgment should have been granted.

Judgment reversed with directions to enter an appropriate judgment in accordance herewith.

HATHAWAY and HOWARD, JJ., concur.

---

1. We do not believe, as contended by plaintiffs, that the later case of Ferris v. Meeker Fertilizer Co., Or., 482 P.2d 523 (1971), detracts from the *Certified Real-*

*ty* holding for the reason that no selling activities were conducted by the saleswoman in question during the period that she was unlicensed.