**Stephen M. DORAN d/b/a Doran and Associates, Plaintiff,**

v.

**IMESON AVIATION, INC., a Wyoming Corporation, et al., Defendants.**

No. C76–59.

United States District Court, D. Wyoming.

Aug. 26, 1976.

David H. Carmichael, Cheyenne, Wyo., for plaintiff.

Timothy J. Bommer, Jackson, Wyo., for defendants.

## MEMORANDUM OPINION

KERR, District Judge.

This is a diversity action to collect a broker's commission allegedly earned for the sale of property in Teton County, Wyoming. The parties stipulated that plaintiff Stephen M. Doran, d/b/a Doran and Associates (Doran), does not and never has held a real estate license authorizing him to do business in the State of Wyoming.

Paul, Jane and Sparky Imeson (Imeson) own and operate Imeson Aviation, a business located at the Jackson Hole Airport in Teton County, Wyoming. The business consisted of leases from the Jackson Hole Airport Board, buildings, fuel storage and equipment. The defendants decided to sell their business and contacted Doran, who specializes in sales of such fixed base operations. In August, 1975 an agent agreement was sent to Imeson. This agreement was modified by Imeson, signed and returned to Doran, who accepted the agreement as modified.

In November, 1975 Doran produced a prospective buyer and on November 18, 1975 the buyer made an offer to Imeson. The parties executed an agreement titled "offer and acceptance" at this time. Within a few days Imeson informed Doran that the purchase price was inadequate and they would not sell.

The Wyoming Real Estate License Act of 1971 (Act) provides:

§ 33–355.1. This act [§§ 33–355.1 to 33–355.17] shall be known and may be cited as the "Real Estate License Act of 1971," and from and after the effective date of this act it shall be unlawful for any person to engage in or conduct, directly or indirectly, or to advertise or hold himself out as engaging in or conducting the business, or acting in the capacity of a real estate broker or a real estate salesman within this state without first obtaining a license as such broker or salesman, as provided in this act. (Laws 1971, ch. 251, § 1.)

The above-quoted statute makes it unlawful for Doran to sell real estate in Wyoming. His activities in producing a purchaser for Imeson constitute sufficient grounds for holding that he was acting as real estate broker if the fixed base operations of Imeson constitute real estate. Wyoming Statutes further provide:

§ 33–355.2(b). The term "broker" shall mean any person who for another and for a fee, commission or other valuable consideration, or with the intent or expecta-

tion of receiving same, negotiates or attempts to negotiate the listing, sale, purchase, rental, auctioneering, exchange or lease of any real estate or the improvements thereon, or collects rents or attempts to collect rents, or who advertises or holds himself out as engaged in any of the foregoing activities. The term "broker" also includes any person employed by or on behalf of the owner or owners of real estate to conduct the sale, leasing, or other disposition thereof at a salary or for a fee, commission or any other consideration.

Wyoming Statutes 33–355.2(a) defines "real estate" as follows:

§ 33–355.2(a). The term "real estate" shall mean leaseholds, as well as any other interest or estate in land, whether corporeal, incorporeal, freehold or nonfreehold, and whether the real estate is situated in this state or elsewhere but shall not apply to nor include mineral lands, rights or leases.

Since the assets of Imeson which were to be sold included leases from the Jackson Hole Airport Board, real estate was involved.

While the actions of Doran in attempting to negotiate the sale of the Imeson business are prohibited by Wyoming law, the question remains as to whether relief is still available. In *Owens v. Capri*, 65 Wyo. 325, 202 P.2d 174 (1949) the Wyoming Supreme Court held that the party who acted as a real estate broker without a license was not entitled to receive compensation for his services. This decision rested on the Court's finding that the Wyoming Statutes, making it unlawful to act as a real estate broker without a license, were an exercise of the police power of the state. Such a holding defeats common law theories as a basis for allowing recovery.

A party to an illegal contract cannot enlist the aid of a court of law in an attempt to enforce his right arising out of the illegal transaction. To do otherwise would defeat the purpose for which the statutes were enacted. That purpose is to protect the public from evils which can arise from sales of real estate by unlicensed and unregulated persons.

In addition to the illegality of the transaction, the Wyoming Statute 33–355.15 specifically prohibits any attempt to recover a commission in circumstances such as exist here.

§ 33–355.15. No person shall maintain an action in any court of this state for the recovery of a commission, fee, or compensation for any act done, the doing of which is prohibited under this act [§§ 33–355.1 to 33–355.17] to other than licensed brokers, unless such person was licensed hereunder as a broker at the time of the doing of the act. (Laws 1971, ch. 251, § 15.)

Since Doran was not a licensed real estate broker in the State of Wyoming, the contract between Doran and Imeson was void and any actions taken by Doran to sell the business were unlawful and Doran is prevented from bringing this action for his commission under the laws of Wyoming. It follows that the motion to dismiss should be granted.