801 P.2d 504

**The CAMBRIDGE COMPANY, LTD., an Arizona corporation, Plaintiff/Appellee/Cross–Appellant,**

v.

**ARIZONA LAWN SPRINKLERS, INC., dba Irrigation & Sprinkler Supply, Inc., an Arizona corporation, and William and Beverly Crawford, husband and wife, Defendants/Appellants/Cross–Appellees.**

**No. 2 CA–CV 90–0043.**

Court of Appeals of Arizona, Division 2, Department B.

Nov. 27, 1990.

As Corrected Dec. 12, 1990.

Brown & Bain, P.A. by C. Randall Bain and Lisa & Lisa by Louis J. Hoffman, Phoenix, for plaintiff/appellee/cross-appellant.

Russo, Cox & Russo, P.C. by Karl MacOmber, Tucson, for defendants/appellants/cross-appellees.

## OPINION

FERNANDEZ, Chief Judge.

The issue in this appeal from the granting of summary judgment is whether a company that acts as an agent in the sale of a business is required to be licensed as a real estate broker because the sale could have included the transfer of a lease of real property. We find that the company is not required to be licensed and affirm the summary judgment. We also affirm the denial of attorney's fees, the issue raised in the cross-appeal.

Appellant Arizona Lawn Sprinklers, Inc. (hereafter Sprinklers), a corporation whose sole shareholders are appellants William and Beverly Crawford, entered into an agreement with appellee The Cambridge Company, Ltd. on April 26, 1988. It is undisputed that Cambridge is not a licensed real estate broker. The vaguely-worded agreement provides that Cambridge would assist Sprinklers[1] as its financial advisor and exclusive agent, in selling "all or part" of Sprinklers "(whether by way of merger, consolidation, stock or asset acquisition or otherwise)."

As of July 1989, Sprinklers had been in operation at the same location for 16 years. The real property is owned by the Crawfords and is leased to the corporation. Cambridge undertook to market the business pursuant to the agreement. The brochure it prepared indicated that Sprinklers leased the property from its shareholders, the shareholders were willing to lease the premises to a purchaser with an option to buy, and the shareholders believed the location was an ideal setting for the business.

---

1. The agreement actually refers only to Irrigation & Sprinkler Supply Company. The sale documents refer only to Arizona Lawn Sprinkler, Inc., and the buyer on those documents is shown as Irrigation & Sprinkler Supply, Inc. We are confused by the change in nomenclature, but appellants have not raised that as an issue and admit that Sprinklers entered into the agency agreement with Cambridge.

In November 1988, Sprinklers sold all its assets except the cash on hand and its leasehold interest in the real property to Irrigation & Sprinkler Supply, Inc., a corporation owned by the Crawfords' daughter and son-in-law. On the same date, the Crawfords leased the property to Irrigation & Sprinkler Supply. The transaction occurred without Cambridge's assistance.

Because the agreement between Cambridge and Sprinklers provided that Cambridge was an exclusive agent, Cambridge sued for the fee called for, $100,000. Appellants responded with a motion to dismiss, arguing that Cambridge had not stated a cause of action because it had not alleged that it holds a real estate broker's license. After the motion was denied, appellants answered the complaint. They admitted entering into the agreement with Cambridge and selling substantially all Sprinklers' assets to their daughter and son-in-law. Among the affirmative defenses alleged was Cambridge's lack of licensure.

Cambridge then filed a motion for summary judgment and a motion to strike the affirmative defense of lack of licensure, both of which were granted. This appeal followed the denial of appellants' motion for new trial and their objection to the form of judgment.

## CONTEMPLATION OF TRANSFER OF REAL PROPERTY INTEREST

■ Appellants argue initially that Cambridge is precluded from recovering its fee because the agreement contemplates the transfer of an interest in real property. In support of that contention, appellants cite the Crawfords' affidavits that state that they anticipated that any transaction would result in the transfer of the fee or leasehold interest in the property. The agreement could not have applied to transfer of the fee, however, because Sprinklers did not own the fee. The Crawfords have at all times owned the fee, and they did not contract with Cambridge in their individual capacity. The most that can be said about the agreement language is that a resulting transaction *might* have included a transfer

of the leasehold interest. As Cambridge has pointed out, that could have been legally accomplished depending on the structuring of the transaction. For instance, if a purchaser had acquired Sprinklers' corporate stock or if the transaction had involved a merger or consolidation, Cambridge could have legally participated in the transaction without holding a real estate license. *See Maganas v. Northroup*, 112 Ariz. 46, 537 P.2d 595 (1975).

Appellants' suggested standard, however, is not an appropriate one. Nothing in the parties' agreement requires that Cambridge perform services that are defined as real estate broker activities. *See* A.R.S. § 32–2101(32). The word "lease" does not appear in the agreement. Moreover, the completed transaction upon which Cambridge sued (one in which it was not permitted to participate) expressly excludes transfer of the leasehold interest. Although the lease agreement was entered into the same day the bill of sale was signed, that agreement was between the Crawfords and the purchaser. Cambridge's agreement was only with Sprinklers; it did not include the Crawfords. Cambridge seeks its fee only for the sale of the business, not for the transfer of the leasehold interest.

"An appellant attempting to escape its contractual obligation by claiming a contract is illegal must show clearly and unequivocally that the contract is illegal." *Mitchell v. American Savings & Loan Association*, 122 Ariz. 138, 140, 593 P.2d 692, 694 (App.1979). Appellants have cited no cases in which a fee was denied because the sale *might* have included illegal acts. The cases they cite instead precluded recovery for acts that were actually performed. *Farragut Baggage & Transfer Co. v. Shadron Realty Inc.*, 18 Ariz.App. 197, 501 P.2d 38 (1972); *Bonasera v. Roffe*, 8 Ariz. App. 1, 442 P.2d 165 (1968); *Doran v. Imeson Aviation, Inc.*, 419 F.Supp. 586 (D.Wyo.1976); *Broughall v. Black Forest Development Co.*, 196 Colo. 503, 593 P.2d 314 (1978).

"[T]he test is not what *could have been done* under a contract but what is *actually done." L.M. White Contracting Co. v. St.*

*Joseph Structural Steel Co.,* 15 Ariz.App. 260, 263, 488 P.2d 196, 199 (1971) (emphasis in original) (determining whether foreign corporation not qualified to do business in Arizona could sue on a contract). The only act appellants have pointed to is Cambridge's preparation of a brochure offering the business for sale. Only one page of that brochure is in the record. It recites the fact that Sprinklers leased its facilities from the shareholders and that they were willing to lease with an option to buy. There is nothing in that brochure that specifically offers the real property for sale through Cambridge or that indicates the shareholders have listed the property with Cambridge. Under the test stated in *White,* Cambridge violated no law and is not required to plead and prove that it is a licensed real estate broker in order to recover its fee.

### JUDICIAL ESTOPPEL

■ Appellants next contend that because Cambridge contended, alternatively, in its opposition to appellants' motion to dismiss that a fact question existed as to the meaning of the agreement, it was judicially estopped to contend in its summary judgment motion that no disputed fact issues existed. As the case appellants have cited indicates, however, judicial estoppel applies to allegations in pleadings and declarations, *Adams v. Bear,* 87 Ariz. 288, 350 P.2d 751 (1960), not to arguments in the alternative.

### LUMP–SUM AWARD

■ In their objection to the form of judgment, appellants contended for the first time that Cambridge is not entitled to judgment for $100,000, the fee specified in the agreement. They argue that Cambridge is entitled only to the present value of $100,000 because the purchase agreement for Sprinklers called for no down payment and monthly payments over a 20-year period. The agency agreement provides that Cambridge is to be paid "upon the consummation of the acquisition." Appellants base their contention on the subsequent contract language, "In addition, if any amounts are payable to the Company subsequent to the closing pursuant to any earnout or other contingent formula, Cambridge shall be paid according to Schedule A at the time funds are received by the Company." Appellants produced no evidence that the purchase involved payment according to any type of contingent formula. The purchaser signed a promissory note and agreed to make monthly payments for 20 years. We find no merit to appellants' contention.

The summary judgment in favor of Cambridge is affirmed.

### CROSS–APPEAL

■ Cambridge complains on cross-appeal that the trial court denied it attorney's fees, arguing that it had listed the factors enumerated in *Associated Indemnity Corp. v. Warner,* 143 Ariz. 567, 694 P.2d 1181 (1985) and had shown their applicability in this case. Cambridge argues that we should impose a requirement upon trial judges that they specify reasons for denying a fee award. As Cambridge acknowledges, however, although the supreme court indicated in *Associated Indemnity* that "the better practice" is for the trial court to state reasons for the denial, it did not *require* that. *Id.* at 571, 694 P.2d at 1185. That would have been the appropriate time to impose such a requirement if the supreme court had so desired. We see no reason to do so now. Affirmed.

HOWARD and LIVERMORE, JJ., concur.