■ MAVCO REALTY CORP., Appellant, v M. SLAYTON REAL ESTATE, INC., Respondent, et al., Defendants. [832 NYS2d 293]—

In an action, inter alia, for a judgment declaring that the defendants are not entitled to compensation arising from a brokerage agreement, the plaintiff appeals, as limited by its brief, from so much of an order of the Supreme Court, Suffolk County (Doyle, J), dated February 16, 2006, as denied those branches of its motion which were for summary judgment, inter alia, on the second and fourth causes of action asserted against the defendant M. Slayton Real Estate, Inc.

Ordered that the order is affirmed insofar as appealed from, with costs.

"Real Property Law § 442-d bars an unlicensed person from recovering commissions if that person has performed services facilitating, inter alia, the sale of real property" (*Kavian v Vernah Homes Co.*, 19 AD3d 649, 650 [2005]; *see Galbreath-Ruffin Corp. v 40th & 3rd Corp.*, 19 NY2d 354, 362 [1967]). Here, the plaintiff failed to establish its prima facie entitlement to judgment as a matter of law (*see generally Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]; *Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985]). The plaintiff's submissions failed to demonstrate the absence of any material issues of fact as to whether the defendant M. Slayton Real Estate, Inc., was unlicensed at the time it rendered the services which formed the consideration for the claimed commission (*see Galbreath-Ruffin Corp. v 40th & 3rd Corp., supra; Calhoun v Banner*, 254 NY 325 [1930]; *Bendell v De Dominicis*, 251 NY 305 [1929]). Failure to make such a prima facie showing requires the denial of summary judgment, regardless of the sufficiency of the opposing papers (*see Winegrad v New York Univ. Med. Ctr., supra*). Accordingly, the Supreme Court properly denied those branches of the plaintiff's motion which were for summary judgment, inter alia, on the second and fourth causes of action asserted against the defendant M. Slayton Real Estate, Inc.

The plaintiff's remaining contentions are without merit. Schmidt, J.P., Skelos, Lifson and Covello, JJ., concur.