■ MAVCO REALTY CORP., Respondent, v M. SLAYTON REAL ESTATE, INC., et al., Appellants. [909 NYS2d 759]—

In an action, inter alia, for a judgment declaring that the defendants are not entitled to compensation arising from a brokerage agreement, the defendants appeal, as limited by their brief, from so much of an order of the Supreme Court, Suffolk County (Baisley, Jr., J.), entered March 24, 2009, as granted those branches of the plaintiff's motion which were for summary judgment on its second cause of action declaring that the defendant M. Slayton Real Estate, Inc., is not entitled to a brokerage commission and for summary judgment dismissing the defendants' first counterclaim to recover brokerage commissions.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, and those branches of the plaintiff's motion which were for summary judgment on its second cause of action and dismissing the defendants' first counterclaim are denied.

The plaintiff and the defendant M. Slayton Real Estate, Inc. (hereinafter Slayton R.E.), entered into a brokerage agreement on June 20, 2000. The agreement provided, inter alia, that Slayton R.E. would be entitled to a commission in the sum of $1,000,000 when the plaintiff closed on the title to a specified leasehold interest and entered into a certain lease or modification of a lease. It is undisputed that these conditions were fulfilled. The plaintiff refused to pay the commission and commenced this action for a judgment declaring, among other things, that Slayton R.E. is not entitled to any compensation arising from the agreement. The plaintiff alleged that neither Slayton R.E. nor the individual defendants Marc Slayton and Paul Slayton were licensed real estate brokers when the plaintiff and Slayton R.E. executed the agreement or when Slayton R.E. allegedly performed services pursuant to the agreement.

On two prior occasions, this Court determined that triable issues of fact precluded the award of summary judgment in this

matter (*see Mavco Realty Corp. v M. Slayton Real Estate, Inc.*, 38 AD3d 726 [2007]; *Mavco Realty Corp. v M. Slayton Real Estate, Inc.*, 12 AD3d 575 [2004]).

In May 2007 the Department of State Division of Licensing Services initiated a proceeding against Marc Slayton and Slayton R.E. pursuant to article 12-A of the Real Property Law, alleging that they engaged in the business of real estate brokerage without a license. A hearing was held before an administrative law judge (hereinafter the ALJ), at which Marc Slayton and Slayton R.E. were represented by counsel. After the hearing, the ALJ determined that Marc Slayton and Slayton R.E. violated Real Property Law §§ 440-a and 442-c and demonstrated incompetency. On administrative appeal, the Department of State adopted the ALJ's findings, but specifically declined to suspend the defendants' license, stating also that its decision "should not be construed as determining whether [Marc Slayton and/or Slayton R.E.] are entitled to a commission for their actions in furtherance of the transactions . . . or whether the Brokerage Agreement . . . is an enforceable contract."

The plaintiff subsequently moved, inter alia, for leave to file a late motion for summary judgment, and thereupon for summary judgment on its cause of action for a judgment declaring that Slayton R.E. was not entitled to any compensation arising from the agreement. In the order appealed from, the Supreme Court, giving collateral estoppel effect to the administrative determination that Marc Slayton and Slayton R.E. violated Real Property Law §§ 440-a and 442-c and demonstrated incompetency, among other things, granted the plaintiff leave to file a late summary judgment motion, and thereupon granted that branch of the plaintiff's motion which was for summary judgment on its cause of action declaring that Slayton R.E. is not entitled to a commission. We reverse the order insofar as appealed from.

The doctrine of collateral estoppel "precludes a party from relitigating in a subsequent action or proceeding an issue clearly raised in a prior action or proceeding and decided against that party or those in privity, whether or not the tribunals or causes of action are the same" (*Ryan v New York Tel. Co.*, 62 NY2d 494, 500 [1984]). While the proponent of collateral estoppel has the burden of demonstrating that the issue in question is identical and decisive, it is the opponent's burden to show the absence of a full and fair opportunity to litigate the issue in the prior determination (*id.* at 501). The doctrine is equally applicable to confer collateral estoppel effect to the quasi-judicial determination of an administrative agency (*id.* at 499).

Nevertheless, collateral estoppel is a flexible doctrine that should not be mechanically applied simply because some of its formal prerequisites may be present (*see People v Roselle*, 84 NY2d 350, 357 [1994]). "In the end, the fundamental inquiry is whether relitigation should be permitted in a particular case in light of what are often competing policy considerations, including fairness to the parties, conservation of the resources of the court and the litigants, and the societal interests in consistent and accurate results" (*Staatsburg Water Co. v Staatsburg Fire Dist.*, 72 NY2d 147, 153 [1988]).

In the case at bar, where, among other things, the defendants did not initiate the administrative proceeding, it would be inconsistent with the aforementioned principles to give collateral estoppel effect to the administrative determination that Marc Slayton and Slayton R.E. violated Real Property Law §§ 440-a and 442-c and demonstrated incompetency by awarding summary judgment to the plaintiff on those grounds (*see Jeffreys v Griffin*, 301 AD2d 232 [2002], *affd* 1 NY3d 34 [2003]; *Stevenson v Goomar*, 148 AD2d 217 [1989]). Accordingly, under the circumstances of this case, the Supreme Court erred in giving collateral estoppel effect to that administrative determination, and concluding that, as a consequence, those defendants forfeited any right they may have to the disputed brokerage commission. Thus, there remain triable issues of fact precluding the award of summary judgment to either party. Covello, J.P., Santucci, Balkin and Austin, JJ., concur.